FILED & ENTERED

JAN 20 2022

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY wesley    DEPUTY CLERK

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>ESCADA AMERICA, LLC; fka<br>ESCADA US SUBCO, LLC;<br><br>Debtor(s) | Case No.  2:22-bk-10266BB<br><br>Chapter 11<br><br>ORDER SETTING SCHEDULING AND CASE MANAGEMENT CONFERENCE IN SUBCHAPTER V CASE<br><br><u>Hearing</u>:<br>Date:   March 2, 2022<br>Time:   10:00 A.M.<br>Place:   255 E. Temple Street, Ctrm: 1539, 15th fl<br>            Los Angeles, CA 90012 |

    **PLEASE TAKE NOTICE** that, pursuant to 11 U.S.C. § 1188, the Court will conduct a status conference in the above case at the place and time set forth above.  **Pursuant to 11 U.S.C. § 1183(b), the Subchapter V Trustee must appear at the Status Conference.**

**PLEASE TAKE FURTHER NOTICE** that, based upon the Court's records and evidence presented at the status conference, the Court may do one or more of the following at the status conference (or at any continued hearing) without further notice:

1. dismiss the case;

2. convert the case to another chapter;

3. order that the debtor be removed pursuant to 11 U.S.C. §1185(a) or reinstated pursuant to section 1185(b);

4. establish deadlines for the filing of claims, requests for payment of expenses of administration and/or objections to claims;

5. set deadlines for filing or soliciting acceptances of a proposed plan and determine whether or not there is cause to require the debtor to submit a disclosure statement to accompany that plan;

6. fix the scope and format of the notice to be provided regarding the hearing on approval of any disclosure statement;

7. establish procedures for the conduct of the confirmation hearing or any hearing that may be held to approve a disclosure statement;

8. set a deadline for confirmation of a plan;

9. set deadlines for compliance with reporting and other Subchapter V requirements;

10. set deadlines for the assumption or rejection of executory contracts or unexpired leases;

11. ascertain whether there is cause to direct the United States Trustee to appoint one or more committees; and/or

12. refer matters to mediation.

**PLEASE TAKE FURTHER NOTICE** that, whether the debtor files its schedules and statements using the 100 series (for individual debtors) or the 200 series (for non-individual debtors), the forms are mandatory and must be executed under penalty of perjury. Any disclaimers, reservations, caveats, general notes or exceptions that debtors or their counsel may append to or include in such forms are ineffective to alter the duty of care or the level of detail required in connection with the preparation of these forms and do not create or preserve any rights that would not otherwise have existed in the absence of such language.

**IT IS HEREBY ORDERED** as follows:

1. The debtor in possession (or the chapter 11 trustee, if one has been appointed), shall serve a copy of this order on the United States Trustee, all secured creditors, the Subchapter V trustee, the 20 largest unsecured creditors, and any parties that have requested special notice in the case not less than **21 days** prior to the date scheduled for the status conference;

2. The debtor in possession (or the chapter 11 trustee, if one has been appointed) shall file with the court and serve on the parties identified in the preceding paragraph not less than **14 days** prior to the date scheduled for the status conference a written status report that includes the following information:

    a. a brief description of the debtor's businesses and operations, if any, and the principal assets and liabilities of each estate;

    b. brief answers to these questions:

        1. What precipitated the bankruptcy filing?

        2. What does the debtor hope to accomplish in this chapter 11 case?

        3. What are the principal disputes or problems likely to be encountered during the course of the debtor's reorganization efforts?

        4. How does the debtor recommend that these disputes be resolved and why?

        5. Has the debtor complied with all of its duties under FRBP Interim Rule 2015(b) and 11 U.S.C. §§ 521, 1184 and 1187 and all applicable guidelines of the Office of the United States Trustee, and, if not, why not?

        6. Do any parties claim an interest in cash collateral of the debtor?

        7. Is the debtor using cash that any party claims as its cash collateral and, if so, on what date(s) did the debtor obtain an order authorizing the use of such cash or the consent of such party?

c.  the identity of all professionals retained or to be retained by the estate, the dates on which applications for the employment of such professionals were filed or submitted to the United States Trustee, the dates on which orders were entered in response to such applications, if any, and a general description of the type of services to be rendered by each or the purpose of the employment;

d.  in operating cases, evidence regarding projected income and expenses for the first six months of the case;

e.  proposed deadlines for the filing of claims and objections to claims;

f.  a proposed deadline for the filing of a plan of reorganization within the time frame set forth in 11 U.S.C. § 1189, or an explanation of why the debtor believes that the deadline set forth in section 1189 should be extended due to circumstances for which the debtor should not justly be held accountable;

g.  a discussion of the efforts that the debtor has undertaken and will undertake to attain a consensual plan of reorganization in the case or an explanation of why the debtor does not believe that it will be possible for the debtor to negotiate a consensual plan of reorganization; and

h.  a discussion of any significant unexpired leases and executory contracts to which the debtor is a party and the debtor's intentions with regard to these leases and contracts.

###

Date: January 20, 2022

Sheri Bluebond
United States Bankruptcy Judge