1  WILLIAM W. HUCKINS (BAR NO. 201098)
   IVAN M. GOLD (BAR NO. 121486)
2  ALLEN MATKINS LECK GAMBLE
     MALLORY & NATSIS LLP
3  Three Embarcadero Center, 12th Floor
   San Francisco, California  94111-4074
4  Phone: (415) 837-1515
   Fax: (415) 837-1516
5  E-Mail: igold@allenmatkins.com
           whuckins@allenmatkins.com
6
7  Attorneys for Brookfield Properties Retail, Inc., Simon
   Property Group, Inc., and certain of their respective affiliates

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>ESCADA AMERICA LLC,<br><br>    Debtor and Debtor in Possession. | Case No.  Case No.: 2:22-bk-10266-BB<br><br>Chapter 11, Subchapter V<br><br>**LIMITED OBJECTION OF SIMON PROPERTY GROUP AND BROOKFIELD PROPERTIES RETAIL LANDLORDS TO DEBTOR'S MOTION FOR ORDER AUTHORIZING USE OF CASH COLLATERAL**<br><br>Date:  April 6, 2022<br>Time:  10:00 a.m.<br>Place:  Edward R. Roybal Federal Building and Courthouse<br>Courtroom 1539<br>255 East Temple Street<br>Los Angeles, CA 90012<br><br>Hearing to be held in-person and by videoconference Government Zoom, see Court's website under "Telephonic Instructions" for more details:<br>https://www.cacb.uscourts.gov/judges/honorable-sheri-bluebond |

Landlords affiliated with Brookfield Properties Retail, Inc. and Simon Property Group, Inc. (collectively, "Objecting Landlords")[1] respectfully submit their limited objection to the Motion For Order (I) Authorizing Use of Cash Collateral Pursuant To Section 363 of the Bankruptcy Code; and (II) Approving Adequate Protection [Docket No. 101] (the "Cash Collateral Motion"), filed by debtor and debtor-in-possession Escada America LLC ("Debtor").

1. Objecting Landlords to do generally object to the continuation of the Debtor's authority to use cash collateral, as requested by the Cash Collateral Motion, to maintain and operate its business and facilitate its efforts to reorganize on a going-concern basis. The Cash Collateral Motion does, however, raise certain issues that should be resolved before Debtor is authorized to use cash collateral on a final basis through July 15, 2022.

2. On February 16, 2022, this Court entered its *Order Authorizing Use of Cash Collateral and Providing Adequate Protection Pursuant To Sections 361 and 363 of the Bankruptcy Code on a Final Basis Through April 15, 2022* [Docket No. 85], authorizing Debtor's use of cash collateral, through April 15, 2022, to pay operating costs and expenses set forth in the "Budget" attached as Exhibit 1 (the "Initial Budget") to the *Emergency Motion For Order: (I) Authorizing Interim Use of Cash Collateral Pursuant To Section 363 of the Bankruptcy Code; and (II) Setting a Final Hearing* [Docket No. 8].

3. The Initial Budget included a line-item for "Benefits," providing for payments of $55,000 every two weeks for Debtor's employee benefits. Notwithstanding the inclusion of these expenses in the Budget, the Cash Collateral Motion discloses that Debtor, in fact, did not pay this expense. While, according to Debtor, such Benefits are ordinarily paid by Debtor to Debtor's affiliate, Mega Corporate Offices, "as part of a larger benefits plan," this affiliate apparently "voluntarily paid" this expense during the first 13 weeks of the case "without any contribution from the Debtor. Cash Collateral Motion at 6:15-22 and 13:23-14:3. As a result, Mega Corporate

---

[1] Objecting Landlords are the former lessors of Debtor at retail premises located at (1) Ala Moana Center, Honolulu, Hawaii, (2) The Colonnade at Sawgrass, Sunrise, Florida, (3) Desert Hills Premium Outlets, Cabazon, California, (4) Houston Premium Outlets, Houston, Texas, (5) Las Vegas North Premium Outlets, Las Vegas, Nevada, (6) Lenox Square, Atlanta, Georgia, and (7) Woodbury Common Premium Outlets, Central Valley, New York.

Offices will assert, and Debtor makes it clear that it has not waived, a six-figure administrative priority claim for such expenditures.

4.  The reason for this significant line-item deviation from the Initial Budget is not explained. Did Debtor have liquidity issues that required such funding by an affiliate, notwithstanding the appearance of adequate funds in the Initial Budget, or is there some other explanation? Mega Corporate Offices is not among Debtor's affiliates that are identified as either secured or unsecured creditors in Debtor's previously filed schedules and statement of financial affairs [Docket Nos. 75, 79 and 92]. Any shared services or similar agreement with Mega Corporate Offices by which these expenditures are purportedly made has not been previously identified.

5.  Section 364(a) allows "a debtor-in-possession operating the business of the debtor under § 1108 to incur unsecured debt in the *ordinary course of business* and provides that debt so incurred shall be given priority as an administrative expense under § 503(b)(1)." *Rajala v. Langer (In re Lodge America, Inc.)*, 259 B.R. 728, 731 (D. Kan. 2001) (emphasis added). Post-petition indebtedness outside the ordinary course of business is governed by Section 364(b), requiring bankruptcy court approval "after notice and a hearing." Why did Debtor, when it had authority to use cash collateral to fund the operation of its business and the administration of its estate, incur additional debt to pay already budgeted benefits costs? The payments to Mega Corporate Offices can hardly be characterized as in the "ordinary course" since any purported obligation to, or contract with, Mega Corporate Offices has not been previously disclosed and the potential administrative priority claim and payments resulted from a departure from the Initial Budget. The imposition of potentially administrative priority debt to still another non-debtor affiliate, if funds were otherwise available, raises numerous questions. Before another cash collateral budget proposed by the Debtor is approved (*see* Exhibit 1 to Cash Collateral Motion), Debtor's adherence to the Initial Budget should be subject to greater scrutiny.

6.  On March 16, 2022, the Objecting Landlords filed the *Objection of Simon Property Group and Brookfield Properties Retail To Debtor's Subchapter V Election or, Alternatively, Motion For Appointment of an Official Committee of Unsecured Creditors* [Docket No. 103]

("Objection To Subchapter V Designation") scheduled for hearing on April 6, 2022, concurrently with the hearing on Debtor's Cash Collateral Motion. Because of the relief requested by the Objection To Subchapter V Designation, i.e., a finding that the Debtor is ineligible for relief under subchapter V of chapter 11 of the Bankruptcy Code (11 U.S.C. §§ 1182 *et. seq.*) or, alternatively, an order directing the appointment of an official committee of unsecured creditors pursuant to 11 U.S.C. §§ 1102(a)(3) and 1181(b), the consideration of the Cash Collateral Motion should be considered on only an interim basis pending the potential formation of a creditors' committee. A committee should have the opportunity to review Debtor's performance under the Initial Budget, including the deviation relating to payments made by Mega Corporate Offices, one of the myriad of insider "shared services" and other transactions involving the Debtor and its non-debtor affiliates, before the use of cash collateral is further authorized on a final basis.

Dated: March 23, 2022

Respectfully submitted,

ALLEN MATKINS LECK GAMBLE
MALLORY & NATSIS LLP


By: */s/ WILLIAM W. HUCKINS*
WILLIAM W. HUCKINS
Attorneys for Brookfield Properties Retail, Inc., Simon Property Group, Inc., and certain of their respective affiliates

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
Three Embarcadero Center, 12th Floor, San Francisco, CA  94111

A true and correct copy of the foregoing document entitled (*specify*): LIMITED OBJECTION OF SIMON PROPERTY GROUP AND BROOKFIELD PROPERTIES RETAIL LANDLORDS TO DEBTOR'S MOTION FOR ORDER AUTHORIZING USE OF CASH COLLATERAL

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) March 23, 2022, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

| | |
|---|---|
| Dustin P Branch | branchd@ballardspahr.com; carolod@ballardspahr.com; hubenb@ballardspahr.com |
| Eryk R Escobar | eryk.r.escobar@usdoj.gov |
| Gregory Kent Jones | gjones@sycr.com; smjohnson@sycr.com; C191@ecfcbis.com |
| John C Cannizzaro | john.cannizzaro@icemiller.com; julia.yankula@icemiller.com |
| John-Patrick M Fritz | jpf@lnbyg.com; JPF.LNBYB@ecf.inforuptcy.com |
| Kristen N Pate | ggpbk@ggp.com |
| Lindsey L Smith | lls@lnbyg.com; lls@ecf.inforuptcy.com |
| Michael J Darlow | mdarlow@pbfcm.com; tpope@pbfcm.com |
| Michael S Kogan | mkogan@koganlawfirm.com |
| Ronald M Tucker | rtucker@simon.com; cmartin@simon.com; psummers@simon.com; Bankruptcy@simon.com |
| United States Trustee | ustpregion16.la.ecf@usdoj.gov |
| Louis T DeLucia | louis.deluc8ia@icemiller.com |
| Alyson M Fiedler | alyson.fiedler@icemiller.com |

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) March 23, 2022, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Escada America, LLC
9720 Wilshire Blvd., 6th Floor
Beverly Hills, CA  90212-0000

Office of the United States Trustee
915 Wilshire Blvd., Suite 1850
Los Angeles, CA  90017

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) March 23, 2022, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**

<u>VIA FEDEX</u>
Hon. Sheri Bluebond
United States Bankruptcy Court for the Central District of California
Edward R. Roybal Federal Building and Courthouse
255 E. Temple Street
Suite 1534 / Courtroom 1539
Los Angeles, CA 90012

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| March 23, 2022 | Cynthia D. Lynch | */s/ Cynthia D. Lynch* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                          **F 9013-3.1.PROOF.SERVICE**