JOHN C. CANNIZZARO (CA Bar No. 305047)
ICE MILLER LLP
250 West Street, Suite 700
Columbus, OH 43215
Telephone: (614) 462-5013
Facsimile: (614) 224-3126
John.Cannizzaro@icemiller.com

LOUIS T. DELUCIA
ALYSON M. FIEDLER
ICE MILLER LLP
1500 Broadway, Suite 2900
New York, New York 10036
Telephone: (212) 824-4940
Facsimile: (212) 824-4982
Louis.DeLucia@icemiller.com
Alyson.Fiedler@icemiller.com

*Counsel for 717 GFC LLC*

**UNITED STATES BANKRUPTCY COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**
**LOS ANGELES DIVISION**

In re:

ESCADA AMERICA LLC,

Debtor.

Case No. 2:22-bk-10266-BB

Chapter 11

**CREDITOR 717 GFC LLC'S (1) JOINDER TO OBJECTION OF SIMON PROPERTY GROUP AND BROOKFIELD PROPERTIES RETAIL TO DEBTOR'S SUBCHAPTER V ELECTION OR, ALTERNATIVELY, MOTION FOR APPOINTMENT OF AN OFFICIAL COMMITTEE OF UNSECURED CREDITORS, AND (2) LIMITED OBJECTION TO USE OF CASH COLLATERAL**

Creditor 717 GFC LLC ("717 GFC"), by and through its undersigned counsel, hereby (1) joins in the OBJECTION OF SIMON PROPERTY GROUP AND BROOKFIELD PROPERTIES RETAIL TO DEBTOR'S SUBCHAPTER V ELECTION OR, ALTERNATIVELY, MOTION FOR APPOINTMENT OF AN OFFICIAL COMMITTEE OF UNSECURED CREDITORS filed March 16, 2022 (Dkt. No. 103) (the "Redesignation Motion"), and (2) objects on a limited basis to the MOTION FOR ORDER (I) AUTHORIZING USE OF CASH COLLATERAL PURSUANT TO SECTION 363 OF THE BANKRUPTCY CODE; AND (II) APPROVING ADEQUATE PROTECTION (Dkt. No.

101) (the "Cash Collateral Motion") filed by debtor and debtor-in-possession Escada America LLC ("Debtor"). A memorandum of points and authorities is attached.

Respectfully submitted,

*/s/ John C. Cannizzaro*

John C. Cannizzaro
ICE MILLER LLP
250 West Street, Suite 700
Columbus, OH 43215
Telephone: (614) 462-1070
Facsimile: (614) 232-6923
John.Cannizzaro@icemiller.com

Louis T. DeLucia (Pro Hac Pending)
Alyson M. Fiedler (Pro Hac Pending)
ICE MILLER LLP
1500 Broadway, Suite 2900
New York, New York 10036
Telephone: (212) 824-4940
Facsimile: (212) 824-4982
Louis.DeLucia@icemiller.com
Alyson.Fiedler@icemiller.com

*Counsel for 717 GFC LLC*

## MEMORANDUM OF POINTS AND AUTHORITIES

### Preliminary Statement

The Debtor should not be entitled to proceed under Subchapter V, a remedy intended for small businesses because (i) the Debtor is not a small business as it is a U.S. affiliate of a multinational luxury retail brand owned and operated by a multinational hedge fund and (ii) its contingent and unliquidated debt exceeds the current $7.5 million Subchapter V debt limit. As more particularly detailed in the Proof of Claim filed by 717 GFC (the "Proof of Claim"), a copy of which is attached hereto as Exhibit A, 717 GFC's Lease (as hereinafter defined) ended under its own terms before the bankruptcy filing, and the amounts due under the Lease are easily liquidated and quantifiable. Moreover, the Proof of Claim is not contingent—the Debtor simply did not pay rent and other amounts due under the Lease. Properly scheduled, 717 GFC and the other noncontingent liquidated landlord claims in this case total at least $11 million, which well exceeds the $7.5 million Subchapter V debt limit. Accordingly, for the reasons below and those presented in the Redesignation Motion and adopted herein, 717 GFC joins in the Redesignation Motion.

### Relevant Background

Debtor's lease obligations exceed the current $7.5 million Subchapter V debt limit, thereby rendering it ineligible to proceed as a debtor in this subchapter. 717 GFC holds a liquidated, noncontingent claim against the Debtor in an amount not less than $5,108,857.92. *See* Exhibit A. 717 GFC's Proof of Claim arises from that certain Agreement of Lease dated September 29, 2000, by and between Yale University, predecessor in interest to Landlord, and Escada (USA) Inc., predecessor in interest to Debtor, as amended by (i) that certain First Amendment of Lease dated January 1, 2003, by and between WHGA Fifth Avenue Investors, L.P., predecessor in interest to 717 GFC, and Escada (USA) Inc., predecessor in interest to Debtor, (ii) that certain Second Amendment of Lease dated September 2008 by and between 717 GFC and Escada (USA) Inc., predecessor in interest to Debtor, and (iii) that certain Third

Amendment of Lease dated March 12, 2009, by and between 717 GFC and Escada (USA) Inc. (collectively, the "Lease"). *See* Exhibit A.

On August 14, 2009, Escada (USA) Inc., the Debtor's predecessor-in-interest filed for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York. *See In re EUSA Liquidation Inc. (f/k/a Escada (USA) Inc.)*, NYSB Case No. 09-15008. On January 7, 2010, the United States Bankruptcy Court for the Southern District of New York entered an order which, among other things, authorized the assumption of the Lease and its assignment to the Debtor under its prior name, Escada US Subco LLC. *See EUSA Liquidation Inc.,* NYSB Case No. 09-15008, Dkt. No. 200.

Under Section 4.1(a) of the Third Amendment of Lease, the term of the Lease expired by its own terms on October 31, 2021. Before the end of the term, Debtor failed to make certain payments due to 717 GFC under the Lease. *See* Exhibit A. As a result, Debtor owes 717 GFC prepetition unpaid Rent and Additional Rent (as those terms are defined in the Lease), including taxes, utilities, repair costs, and attorney's fees in an amount of not less than $5,108,857.92.

**Joinder to Redesignation Motion**

The law is clear—to be eligible for Subchapter V, the Debtor's aggregate noncontingent, liquidated secured and unsecured debts as of the date of the filing of the petition cannot exceed $7,500,000. 11 U.S.C. § 1182(1)(A). Here, the Debtor's aggregate noncontingent and liquidated debts exceed the Subchapter V debt limit. Debtor's scheduled claims to landlords alone total $11,067,863.33. *See* Redesignation Motion at 9. Of that, over $8.8 million relate to leases that were breached and/or terminated prepetition. *Id.* 717 GFC's Proof of Claim is just over $5 million of that number. Debtor's scheduling of 717 GFC's claim as anything but noncontingent and liquidated is simply wrong and reflects Debtor's apparent attempt to mischaracterize its obligations so to avail itself of Subchapter V relief afforded to small businesses, to which it is not entitled.

Here, 717 GFC timely filed its duly executed Proof of Claim, establishing its prima facie validity.[1] 717 GFC's Proof of Claim is liquidated and includes fixed rent, taxes, utilities, and other expenses due under the Lease, all of which can be easily calculated. *See In re Scovis*, 249 F.3d 975, 983 (9th Cir. 2001); *In re Nicholes*, 184 B.R. 82, 89 (9th Cir. BAP 1995) (stating a debt is liquidated if "the amount due is fixed or certain or otherwise ascertainable by reference to an agreement or by a simple computation"). 717 GFC's Proof of Claim is also noncontingent. The Lease expired by its own terms prior to bankruptcy and the Debtor had an absolute obligation to pay the amounts under the Lease when due. It simply did not pay.

The Debtor's scheduling of amounts due to 717 GFC under the Lease as contingent or unliquidated reflects an apparent attempt by the Debtor to bring itself, albeit improperly, within the Subchapter V debt limit. In doing so, Debtor did not schedule 717 GFC's claim in good faith. *See In re Fountain*, 612 B.R. 743, 748 (B.A.P. 9th Cir. 2020) ("where a good faith objection to eligibility has been filed by a party in interest, the bankruptcy court can make a limited inquiry outside of the schedules to determine if the Debtor estimated her debts in good faith, and if not, whether she was eligible").

Accordingly, for the reasons articulated in the Redesignation Motion and herein, if this Court does not redesignate this case from one under Subchapter V, the circumstances of this case still very much warrant the appointment of an official committee of unsecured creditors.

**Limited Objection to Cash Collateral Motion**

In light of the issues raised in the Redesignation Motion and herein, 717 GFC asserts that it would be inappropriate to grant the Cash Collateral Motion on a final basis at this time. Accordingly, 717 GFC respectfully requests that any order authorizing continued use of cash collateral be on an interim basis only pending resolution of the Debtor's eligibility issues and hereby reserves all rights with respect to being heard on these issues.

[1] A duly executed proof of claim is prima facie evidence of the validity and amount of a claim, and the claim is "deemed allowed" in the absence of an objection. Rule 3001(f); *Heath v. Am. Express Travel Related Servs. Co. (In re Heath)*, 331 B.R. 424, 435 (9th Cir. BAP 2005).

**Conclusion**

For the reasons set forth above and those contained in the Redesignation Motion and adopted herein, 717 GFC joins in the Redesignation Motion and requests that the Court enter an order redesignating this case as one under chapter 11 and not Subchapter V, or in the alternative, appointing an official committee of unsecured creditors in the Subchapter V case. 717 GFC further requests that any order on the Cash Collateral Motion be on an interim basis only pending resolution of the Redesignation Motion.

Respectfully submitted,

*/s/ John C. Cannizzaro*

John C. Cannizzaro
ICE MILLER LLP
250 West Street, Suite 700
Columbus, OH 43215
Telephone: (614) 462-1070
Facsimile: (614) 232-6923
John.Cannizzaro@icemiller.com

Louis T. DeLucia (Pro Hac Pending)
Alyson M. Fiedler (Pro Hac Pending)
ICE MILLER LLP
1500 Broadway, Suite 2900
New York, New York 10036
Telephone: (212) 824-4940
Facsimile: (212) 824-4982
Louis.DeLucia@icemiller.com
Alyson.Fiedler@icemiller.com

*Counsel for 717 GFC LLC*

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

250 West Street, Suite 700
Columbus, OH 43215

A true and correct copy of the foregoing document entitled **CREDITOR 717 GFC LLC'S (1) JOINDER TO OBJECTION OF SIMON PROPERTY GROUP AND BROOKFIELD PROPERTIES RETAIL TO DEBTOR'S SUBCHAPTER V ELECTION OR, ALTERNATIVELY, MOTION FOR APPOINTMENT OF AN OFFICIAL COMMITTEE OF UNSECURED CREDITORS, AND (2) LIMITED OBJECTION TO USE OF CASH COLLATERAL** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On March 23, 2022, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Dustin P Branch** branchd@ballardspahr.com, carolod@ballardspahr.com;hubenb@ballardspahr.com
- **John C Cannizzaro** john.cannizzaro@icemiller.com, julia.yankula@icemiller.com
- **Michael J Darlow** mdarlow@pbfcm.com, tpope@pbfcm.com
- **Caroline Djang** caroline.djang@bbklaw.com, laurie.verstegen@bbklaw.com;wilma.escalante@bbklaw.com
- **Eryk R Escobar** eryk.r.escobar@usdoj.gov
- **John-Patrick M Fritz** jpf@lnbyg.com, JPF.LNBYB@ecf.inforuptcy.com
- **William W Huckins** whuckins@allenmatkins.com, clynch@allenmatkins.com;igold@allenmatkins.com
- **Gregory Kent Jones (TR)** gjones@sycr.com, smjohnson@sycr.com;C191@ecfcbis.com;cpesis@stradlinglaw.com
- **Michael S Kogan** mkogan@koganlawfirm.com
- **Kristen N Pate** ggpbk@ggp.com
- **Lindsey L Smith** lls@lnbyg.com, lls@ecf.inforuptcy.com
- **Ronald M Tucker** rtucker@simon.com, cmartin@simon.com;psummers@simon.com;Bankruptcy@simon.com
- **United States Trustee (LA)** ustpregion16.la.ecf@usdoj.gov

**2. SERVED BY UNITED STATES MAIL**:
On March 23, 2022, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

- Hon. Sheri Bluebond, United States Bankruptcy Court for the Central District of California, Edward R. Roybal Federal Building and Courthouse, 255 E. Temple Street, Suite 1534 / Courtroom 1539, Los Angeles, CA 90012
- Escada America, LLC, 9720 Wilshire Blvd. 6th Floor, Beverly Hills, CA 90212-0000
- United States Trustee, 915 Wilshire Blvd, Suite 1850, Los Angeles, CA 90017

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on March 23, 2022, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

- N/A

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| March 23, 2022 | Lauren Prohaska | */s/ Lauren Prohaska* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |