1  JOHN-PATRICK M. FRITZ (State Bar No. 245240)
   CARMELA T. PAGAY (State Bar No. 195603)
2  LEVENE, NEALE, BENDER,
   YOO & GOLUBCHIK L.L.P.
3  2818 La Cienega Avenue
4  Los Angeles, California 90034
   Telephone:  (310) 229-1234
5  Facsimile:   (310) 229-1244
   Email: JPF@LNBYG.COM; CTP@LNBYG.COM
6
7  Attorneys for Chapter 11
   Debtor and Debtor in Possession
8

9

**UNITED STATES BANKRUPTCY COURT**
10  **CENTRAL DISTRICT OF CALIFORNIA**
**LOS ANGELES DIVISION**
11

12  In re:                                          ) Case No.: 2:22-bk-10266-BB
                                                    )
13  ESCADA AMERICA LLC,                             ) Chapter 11 Case
                                                    )
14           Debtor and Debtor in Possession.       ) **STIPULATION REGARDING**
                                                    ) **PROTECTIVE ORDER  CONCERNING**
15                                                  ) **DISCLOSURE OR DISCOVERY**
                                                    ) **MATERIAL**
16                                                  )
                                                    )
17                                                  )
                                                    )
18                                                  )
                                                    )
19                                                  )
                                                    )
20                                                  )
                                                    )
21                                                  )
                                                    )
22                                                  )
                                                    )
23                                                  )
                                                    )
24                                                  )
                                                    )
25                                                  )
                                                    )
26                                                  )
                                                    )
27                                                  )
28

1

1    Escada America LLC, a Delaware limited liability company, the debtor and debtor in

2    possession in the above-captioned chapter 11 case, and the Official Committee of Unsecured

3    Creditors, by and through their respective undersigned counsel, hereby stipulate to enter into

4    the Protective Order attached hereto as <u>Exhibit 1</u> to facilitate the exchange of information and

5    documents which may be subject to confidentiality limitations on disclosure due to federal and

6    state law and privacy rights

7    Dated: August <u> 5 </u>, 2022          ESCADA AMERICA LLC

8

9                                   By: _____

10                                        JOHN-PATRICK M. FRITZ
                                          CARMELA T. PAGAY
11                                        LEVENE, NEALE, BENDER,
                                          YOO & GOLUBCHIK L.L.P.
12                                        Attorneys for Chapter 11
                                          Debtor and Debtor in Possession
13

14   Dated: August 5, 2022          OFFICIAL    COMMITTEE    OF    UNSECURED
                                    CREDITORS
15

16                                   By: _____
                                          ROBERT L. LEHANE
17                                        KRISTIN S. ELLIOTT
                                          PHILIP A. WEINTRAUB
18                                        KELLEY DRYE WARREN LLP
19                                        Proposed Attorneys for Official Committee of
                                          Unsecured Creditors of Escada America LLC
20

21

22

23

24

25

26

27

28

2

# EXHIBIT "1"

JOHN-PATRICK M. FRITZ (State Bar No. 245240)
CARMELA T. PAGAY (State Bar No. 195603)
LEVENE, NEALE, BENDER,
YOO & GOLUBCHIK L.L.P.
2818 La Cienega Avenue
Los Angeles, California 90034
Telephone:  (310) 229-1234
Facsimile:  (310) 229-1244
Email: JPF@LNBYG.COM; CTP@LNBYG.COM

Attorneys for Chapter 11
Debtor and Debtor in Possession

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**LOS ANGELES DIVISION**

| | |
|---|---|
| In re: | ) Case No.: 2:22-bk-10266-BB |
| | ) |
| ESCADA AMERICA LLC, | ) Chapter 11 Case |
| | ) |
| Debtor and Debtor in Possession. | ) **PROTECTIVE ORDER** |

1

The Court, having read and considered the stipulation of Escada America LLC, the debtor and debtor-in-possession in the above referenced chapter 11 bankruptcy case (the "Debtor"), on the one hand, and the Official Committee of Unsecured Creditors appointed by the U.S. Trustee in the Debtor's case (the "Committee"), on the other hand, and, having determined that, to facilitate the exchange of information and documents which may be subject to confidentiality limitations on disclosure due to federal and state law and privacy rights, good cause exists to enter this Order, it is hereby ORDERED that:

1.  PURPOSES AND LIMITATIONS

    1.1   Purpose:  Disclosure and discovery in this case are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than conducting litigation in this case may be warranted.

2.  DEFINITIONS

    2.1   Challenging Party:  A Party or Non-Party that challenges the designation of information or items under this Protective Order.

    2.2   "CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER" Information or Items:  Information (regardless of how it is generated, stored or maintained) or tangible things the party designating or producing it reasonably believes contains or reflects information subject to protection, including without limitation: (1) information in the nature of a trade secret or other research, investigation, development, commercial or operational information of a confidential or proprietary nature; (2) financial, marketing, planning, strategic, investigative, or other internal information, data, analyses, or specifications of a proprietary, confidential or competitive nature; (3) information deemed confidential or non-public by any regulatory body; (4) information otherwise protected by law from disclosure; and/or (5) any other information with respect to which there is an objectively compelling need for confidentiality. Only documents in the following categories shall be designated as Confidential: documents that

2

have not been made public, which the disclosing party in good faith believes will, if disclosed, have the effect of causing harm to its business or competitive position; or in the case of individuals, shall be limited to documents that reveal personal information, such as contact information, social security numbers, or Protected Health Information (as defined in 45 CFR § 160.103).

2.3    Counsel:  Attorneys who are retained to represent or advise a Party and have appeared in this action on behalf of that Party or are affiliated with a law firm that has appeared on behalf of that Party.

2.4    Designating Party:  A Party or Non-Party that designates information or items that are produced in disclosures or in responses to discovery as Confidential.

2.5    Disclosure or Discovery Material:  All items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6    Expert:  A person with specialized knowledge or experience in a matter pertinent to litigation in this case who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this case.

2.7    Financial Advisor:  Financial advisors who are retained by a Party or its counsel to serve as a financial advisor in this case.

2.8    HIGHLY CONFIDENTIAL – ATTORNEYS' AND FINANCIAL ADVISOR'S EYES ONLY" Information or Items: Extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party (including to the individual members of the Committee) would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.8    Non-Party:  Any natural person, partnership, corporation, association, or other legal entity other than the Debtor or Committee.

///

3

2.10    <u>Party</u>:  The Debtor and Committee, including all of their officers, directors, members, employees, consultants, retained experts, financial advisors and Counsel (and their support staffs).

2.11    <u>Producing Party</u>:  A Party or Non-Party that produces Disclosure or Discovery Material in the Debtor's chapter 11 proceeding.

2.12    <u>Professional Vendors</u>:  Persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.13    <u>Protected Material</u>:  Any Disclosure or Discovery Material that is designated as "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL-ATTORNEYS AND FINANCIAL ADVISOR'S EYES ONLY."

2.14    <u>Receiving Party</u>:  A Party that receives Disclosure or Discovery Material from a Producing Party.

3.    <u>SCOPE</u>

The protections conferred by this Protective Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.  However, the protections conferred by this Protective Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Protective Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no

///

4

1    obligation of confidentiality to the Designating Party. Any Party seeking to use Protected

2    Material at a hearing in this case shall seek to seal any such Protected Material.

3    4.    DURATION

4    Even after final disposition of this case, the confidentiality obligations imposed by this

5    Protective Order shall remain in effect until a Designating Party agrees otherwise in writing or

6    a court order otherwise directs.  Final disposition (a "Final Disposition") shall be deemed to be

7    the later of (1) dismissal of the Debtor's case; (2) confirmation of a plan; and (3) final

8    determination of all appeals from either of the foregoing.

9    5.    DESIGNATING PROTECTED MATERIAL

10    5.1    Exercise of Restraint and Care in Designating Material for Protection.  Each

11    Party or Non-Party that designates information or items for protection under this Protective

12    Order must take care to limit any such designation to specific material that qualifies under the

13    appropriate standards.  The Designating Party must designate for protection only those parts of

14    material, documents, items, or oral or written communications that qualify – so that other

15    portions of the material, documents, items, or communications for which protection is not

16    warranted are not swept unjustifiably within the ambit of this Protective Order.

17    Mass, indiscriminate, or routinized designations are prohibited, as are designations that

18    are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to

19    unnecessarily encumber or retard the case development process or to impose unnecessary

20    expenses and burdens on other parties).  If it comes to a Designating Party's attention that

21    information or items that it designated for protection do not qualify for protection, that

22    Designating Party must promptly notify all other Parties that it is withdrawing the mistaken

23    designation.

24    5.2    Manner and Timing of Designations.  Except as otherwise provided in this

25    Protective Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise

26    stipulated or ordered, the Producing Party that is disclosing or producing Disclosure or

27    Discovery Material that qualifies for protection under this Protective Order must clearly make

28

5

the designation before the material is disclosed or produced.  Any Receiving Party may make a designation with respect to Disclosure or Discovery Material of a Producing Party within 14 days of receipt and the Producing Party and all Receiving Parties must cooperate to promptly affix the appropriate legend to the Disclosure and Discovery Material in their possession, custody, or control.

Designation in conformity with this Protective Order requires:

(a)    For information in documentary form (e.g., paper or electronic documents, including discovery responses, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL- ATTORNEYS AND FINANCIAL ADVISOR'S EYES ONLY" to each page that contains Protected Material.  If only a portion or portions of the material on a page qualify for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed Confidential. After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order.  Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL- ATTORNEYS AND FINANCIAL ADVISOR'S EYES ONLY" legend to each page that contains Protected Material.  If only a portion or portions of the material on a page qualify for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

///

(b)    For testimony given in deposition or in any hearing or other proceeding, the Designating Party must either:  (i) identify the protected testimony on the record, before the close of the deposition, hearing, or other proceeding; or (ii) send a letter to all counsel within the time permitted for the review and signing of the deposition by the witness (in the event of a deposition) or within 7 days of receipt of the transcript of the hearing (in the event of a hearing) identifying the protected testimony.

(c)    For information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL-ATTORNEYS AND FINANCIAL ADVISOR'S EYES ONLY."  If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3    <u>Inadvertent Failures to Designate</u>.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Protective Order for such material.  Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Protective Order.

6.    <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

6.1    <u>Timing of Challenges</u>.  Any Party or Non-Party may challenge a designation of confidentiality but must do so within 30 days after dismissal of the case or entry of an order confirming a plan.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the case, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

///

7

6.2    <u>Meet and Confer</u>.  The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge, which may be an email sent to the Producing Party's Counsel.  To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of this Protective Order.  The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice-to-voice dialogue between Counsel; other forms of communication are not sufficient) within 3 court days of the date of electronic service of notice.  In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3    <u>Judicial Intervention</u>.  If the Parties cannot resolve a challenge without Court intervention, the Designating Party shall file and serve a motion to retain confidentiality (and in compliance with LBR 5003-2(c), if applicable) within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier.  Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph.

In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof.  Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.  All

parties shall continue to afford the material in question the level of protection to which it is

entitled under the Designating Party's designation until the court rules on the challenge.

The burden of persuasion in any such challenge proceeding shall be on the Designating

Party.  Frivolous challenges, and those made for an improper purpose (e.g., to harass or

impose unnecessary expenses and burdens on other parties) may expose the Challenging Party

to sanctions.

If the Parties need to file a Motion under seal, the Parties may file a stipulation to that

effect or the moving party may file an *ex parte* application making the appropriate request.

The Parties must set forth good cause in the stipulation or *ex parte* application as to why the

Motion or portions thereof should be filed under seal.

7.    ACCESS TO AND USE OF PROTECTED MATERIAL

7.1    Basic Principles.  A Receiving Party may only use Protected Material that is

disclosed or produced by another Party or by a Non-Party in connection with this case for

prosecuting, defending, or attempting to settle contested matters in this case, to negotiate a

form of chapter 11 plan for the Debtor and, with respect to the Committee, to investigate the

Debtor's assets, liabilities, business operations and financial performance.  Protected Material

may not be used for any other purpose whatsoever; provided, however, that this Protective

Order shall not prohibit any Party from disclosing Protected Material where such disclosure is

otherwise required by law.  Protected Material may be disclosed only to the categories of

persons and under the conditions described in this Protective Order.  Upon a Final Disposition,

a Receiving Party must comply with the provisions of section 13 below (FINAL

DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and

in a secure manner that ensures that access is limited to the persons authorized under this

Protective Order.

7.2    Disclosure of Confidential Information or Items.  Unless otherwise ordered by

the court or permitted in writing by the Designating Party, a Receiving Party may disclose any

9

information or item designated "CONFIDENTIAL- SUBJECT TO PROTECTIVE ORDER"
only to:

      (a)     The Receiving Party's Counsel in this action, as well as employees of
said Counsel to whom it is reasonably necessary to disclose the information for this case;

      (b)     The financial advisor retained by the Receiving Party's Counsel in the
Debtor's chapter 11 proceeding, including without limitation, the Financial Advisor, as well as
employees of said financial advisor to whom it is reasonably necessary to disclose the
information for this case;

      (c)     The officers, directors, and employees of the Receiving Party to whom
disclosure is reasonably necessary for this case;

      (d)     Experts (as defined in this Protective Order) of the Receiving Party to
whom disclosure is reasonably necessary for this case and who have signed the
"Acknowledgment and Agreement to Be Bound" (Exhibit A);

      (e)     The Court and its personnel;

      (f)     Court reporters and their staff, professional jury or trial consultants,
mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this
case and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

      (g)     During their depositions, witnesses in the action to whom disclosure is
reasonably necessary and who have signed the "Acknowledgment and Agreement to Be
Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court.
Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected
Material must be separately bound by the court reporter and may not be disclosed to anyone
except as permitted under this Protective Order; and

      (h)     The author or recipient of a document containing the information or a
custodian or other person who otherwise possessed or knew the information.

      7.3.   <u>Disclosure of Highly Confidential Information or Items</u>.  Unless otherwise
ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may

disclose any information or item designated "HIGHLY CONFIDENTIAL- ATTORNEYS
AND FINANCIAL ADVISOR'S EYES ONLY" only to:

    (a)    The Receiving Party's Counsel in this action, as well as employees of
said Counsel to whom it is reasonably necessary to disclose the information for this case;

    (b)    The Financial Advisor;

    (c)    The Court and its personnel;

    (d)    Court reporters and their staff, professional jury or trial consultants,
mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this
case and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

    (d)    The author or recipient of a document containing the information or a
custodian or other person who otherwise possessed or knew the information; and

    (e)    Mediators engaged by the Parties to assist in this case provided that all
such persons have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

    (f)    For the avoidance of doubt, the individual members of the Committee
shall not have access to any information or item designated "HIGHLY CONFIDENTIAL-
ATTORNEYS' EYES ONLY."

    7.4    <u>Court Hearings</u>.  If any party or Non-Party bound by this Protective Order
intends to disclose, discuss or otherwise refer to any Protected Material in open court at any
hearing or trial, that person must notify the Court, the party that designated the Protected
Material, and all other parties in the action of its intention to do so.

    7.5    <u>Filings with the Court</u>.  If confidential material is included in any papers to be
filed in Court, such papers shall be accompanied by an application to file the papers -- or the
confidential portion thereof -- under seal pursuant to LBR 5003-2(c); the application must
demonstrate good cause for the under seal filing.

///

///

///

8.    <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER</u>

<u>LITIGATION</u>

If a Party is served with a subpoena or a court order issued in other litigation that

compels disclosure of any information or items designated in this action as Confidential or

Highly Confidential, that Party must:

(a)    Promptly notify in writing the Designating Party unless disclosure to the

Designating Party is prohibited under applicable law.  Such notification shall include a copy of

the subpoena or court order;

(b)    Promptly notify in writing the party who caused the subpoena or order to

issue in the other litigation that some or all of the material covered by the subpoena or order is

subject to this Protective Order.  Such notification shall include a copy of this Protective

Order; and

(c)    Cooperate with respect to all reasonable procedures sought to be pursued

by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the

subpoena or court order shall not produce any information designated in this action as

Confidential or Highly Confidential before a determination by the court from which the

subpoena or order issued, unless the Party has obtained the Designating Party's permission or

the Party is obligated to produce the information under applicable law.

The Designating Party shall bear the burden and expense of seeking protection in that

court of its confidential material - and nothing in these provisions should be construed as

authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from

another court or governmental body.

9.    <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN</u>

<u>THIS LITIGATION</u>

(a)    The terms of this Protective Order are applicable to information produced

by a Non-Party in this action and designated as "CONFIDENTIAL- SUBJECT TO

PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL- ATTORNEYS AND FINANCIAL ADVISOR'S EYES ONLY".  Such information produced by Non-Parties in connection with this case is protected by the remedies and relief provided by this Protective Order.  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)    In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to a written agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1)    Promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a written confidentiality agreement with a Non-Party;

(2)    Promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3)    Make the information requested available for inspection by the Non-Party.

(c)    If the Non-Party fails to object or seek a protective order from this court within 7 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request.  If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court.  Absent a Court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

///

///

10.    <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Protective Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11.    <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED
        MATERIAL</u>

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review.  Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

12.    <u>MISCELLANEOUS</u>

12.1    <u>Right to Further Relief</u>.  Nothing in this Protective Order abridges the right of any person to seek its modification by the Court in the future.

12.2    <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order.  Similarly, no

///

14

1  Party waives any right to object on any ground to use in evidence of any of the material

2  covered by this Protective Order.

3      12.3    <u>Filing Protected Material</u>.  Without written permission from the Designating

4  Party or a Court order secured after appropriate notice to all interested persons, a Party may

5  not file in the public record in this case any Protected Material.  A Party that seeks to file

6  under seal any Protected Material must comply with LBR 5003-2(c).  Protected Material may

7  only be filed under seal pursuant to a Court order authorizing the sealing of the specific

8  Protected Material at issue.  Pursuant to LBR 5003-2(c), a sealing order will issue only upon a

9  request establishing that the Protected Material at issue is privileged, protectable as a trade

10  secret, or otherwise entitled to protection under the law.  If a Receiving Party's request to file

11  Protected Material under seal pursuant to LBR 5003-2(c) is denied by the Court, then the

12  Receiving Party may file the information in the public record unless otherwise instructed by

13  the Court.

14  13.    <u>FINAL DISPOSITION</u>

15      Within 30 days after the Final Disposition of this case, as defined in paragraph 4, each

16  Receiving Party must return all Protected Material to the Producing Party or destroy such

17  material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts,

18  compilations, summaries, and any other format reproducing or capturing any of the Protected

19  Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must

20  submit a written certification to the Producing Party (and, if not the same person or entity, to

21  the Designating Party) by the 30 day deadline that (1) identifies (by category, where

22  appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the

23  Receiving Party has not retained any copies, abstracts, compilations, summaries or any other

24  format reproducing or capturing any of the Protected Material. Notwithstanding this provision,

25  Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition,

26  and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert

27  reports, attorney work product, and consultant and expert work product, even if such materials

28

contain Protected Material and are entitled to retain any other Protected Material such Counsel

may be obligated to retain under governing rules of professional conduct.  Any such archival

copies that contain or constitute Protected Material remain subject to this Protective Order.

14.    <u>VIOLATION</u>

Any violation of this Order may be punished by appropriate measures including,

without limitation, contempt proceedings, and/or monetary sanctions.

**IT IS SO ORDERED.**

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand this Protective Order issued by the United States Bankruptcy Court for the Central District of California, Los Angeles Division in the case *In re Escada America, LLC*, Case No. 2:22-bk-10266-BB.

I agree to comply with and to be bound by all the terms of this Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Protective Order.

I further agree to submit to the jurisdiction of the United States Bankruptcy Court for the Central District of California for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after a Final Disposition.

1   Dated: _____

2   City and State where signed: _____

3

4   Printed Name:_____

5

6

7   _____

8   Signature

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: 2818 La Cienega Avenue, Los Angeles, CA 90034.

A true and correct copy of the foregoing document entitled **STIPULATION REGARDING PROTECTIVE ORDER CONCERNING DISCLOSURE OR DISCOVERY MATERIAL** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.   TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **August 5, 2022**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Dustin P Branch    branchd@ballardspahr.com, carolod@ballardspahr.com;hubenb@ballardspahr.com
- John C Cannizzaro    john.cannizzaro@icemiller.com, julia.yankula@icemiller.com
- Michael J Darlow    mdarlow@pbfcm.com, tpope@pbfcm.com
- Caroline Djang    cdjang@buchalter.com, docket@buchalter.com;lverstegen@buchalter.com
- Eryk R Escobar    eryk.r.escobar@usdoj.gov
- John-Patrick M Fritz    jpf@lnbyg.com, JPF.LNBYB@ecf.inforuptcy.com
- Jonathan Gottlieb    jdg@lnbyg.com
- William W Huckins    whuckins@allenmatkins.com, clynch@allenmatkins.com;igold@allenmatkins.com
- Gregory Kent Jones (TR)    gjones@sycr.com, smjohnson@sycr.com;C191@ecfcbis.com;cpesis@stradlinglaw.com
- Michael S Kogan    mkogan@koganlawfirm.com
- Carmela Pagay    ctp@lnbyg.com
- Kristen N Pate    bk@bpretail.com
- Terrel Ross    tross@trcmllc.com
- Lindsey L Smith    lls@lnbyg.com, lls@ecf.inforuptcy.com
- Ronald M Tucker    rtucker@simon.com, cmartin@simon.com;psummers@simon.com;Bankruptcy@simon.com
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
- Eric R Wilson    kdwbankruptcydepartment@kelleydrye.com, MVicinanza@ecf.inforuptcy.com

**2.   SERVED BY UNITED STATES MAIL**: On **August 5, 2022**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                    **F 9013-3.1.PROOF.SERVICE**

Honorable Sheri Bluebond
United States Bankruptcy Court
Edward R. Roybal Federal Building and Courthouse
255 E. Temple Street, Suite 1534 / Courtroom 1539
Los Angeles, CA 9001

☐ *Service information continued on attached page*

**3.    SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **August 5, 2022**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

*None.*

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| August 5, 2022 | Damon Woo | /s/ Damon Woo |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                          **F 9013-3.1.PROOF.SERVICE**