1   Eric S. Pezold (SBN 255657)
    epezold@swlaw.com
2   Marshall J. Hogan (SBN 286147)
    mhogan@swlaw.com
3   SNELL & WILMER L.L.P.
    600 Anton Boulevard, Suite 1400
4   Costa Mesa, CA 92626-76899
    Telephone:     714-427-7414
5   Facsimile:     714-427-7799

6   Attorneys for Mega International, LLC and Escada
    Sourcing and Production, LLC

7

8                   **UNITED STATES BANKRUPTCY COURT**

9                   **CENTRAL DISTRICT OF CALIFORNIA**

10                  **LOS ANGELES DIVISION**

11  In re:                                    Case No. 2:22-bk-10266-BB

12  ESCADA AMERICA LLC,                       Chapter 11 Case

13          Debtor and Debtor in Possession.  **STIPULATION BETWEEN MEGA
                                              INTERNATIONAL, LLC, ESCADA
14                                            SOURCING AND PRODUCTION,
                                              LLC, AND THE OFFICIAL
15                                            COMMITTEE OF UNSECURED
                                              CREDITORS RE PROTECTIVE
16                                            ORDER CONCERNING
                                              DISCLOSURE OF DISCOVERY
17                                            MATERIAL**

18

19

20

21

22

23

24

25

26

27

28

SNELL & WILMER
L.L.P.
LAW OFFICES
600 ANTON BLVD
SUITE 1400
COSTA MESA, CALIFORNIA 92626

1        Mega International, LLC ("Mega") and Escada Sourcing and Production, LLC ("ESP"),

2  and the Official Committee of Unsecured Creditors appointed by the U.S. Trustee in the Debtor's

3  case ("Committee"), by and through their respective undersigned counsel, hereby stipulate to

4  enter into the Protective Order attached hereto as Exhibit 1 to facilitate the exchange of

5  information and documents which may be subject to confidentiality limitations on disclosure due

6  to federal and state law privacy rights, privileges, and protections.

Dated: August 30, 2022

MEGA INTERNATIONAL, LLP

By: _Marshall J Hogan_ _____
    Eric S. Pezold
    Marshall J. Hogan
    SNELL & WILMER, L.L.P.
    Attorneys for Mega International,
    LLP

Dated: August 30, 2022

ESCADA SOURCING AND
PRODUCTION, LLP

By: _Marshall J Hogan_ _____
    Eric S. Pezold
    Marshall J. Hogan
    SNELL & WILMER, L.L.P.
    Attorneys for Escada Sourcing and
    Production, LLC

Dated: August 30 , 2022

OFFICIAL COMMITTEE OF
UNSECURED CREDITORS

By: _____
    Robert L. Lehane
    Kristin S. Elliott
    Philip A. Weintraub
    KELLEY DRYE WARREN LLP
    Attorneys for Official Committee of
    Unsecured Creditors of Escada
    America LLC

4883-1920-3629

SNELL & WILMER
L.L.P.
LAW OFFICES
600 ANTON BLVD
SUITE 1400
COSTA MESA, CALIFORNIA 92626

- 2 -

# EXHIBIT 1

1  Eric S. Pezold (SBN 255657)
   epezold@swlaw.com
2  Marshall J. Hogan (SBN 286147)
   mhogan@swlaw.com
3  SNELL & WILMER L.L.P.
   600 Anton Boulevard, Suite 1400
4  Costa Mesa, CA 92626-76899
   Telephone:    714-427-7414
5  Facsimile:    714-427-7799

6  Attorneys for Mega International, LLC and Escada
   Sourcing and Production, LLC

7

8                  **UNITED STATES BANKRUPTCY COURT**

9                   **CENTRAL DISTRICT OF CALIFORNIA**

10                      **LOS ANGELES DIVISION**

11

12   In re:                                    Case No. 2:22-bk-10266-BB

13   ESCADA AMERICA LLC,                       Chapter 11 Case

14        Debtor and Debtor in Possession.     **PROTECTIVE ORDER**

15

16        The Court, having read and considered the stipulation of Mega International, LLC ("Mega")

17   and Escada Sourcing and Production, LLC ("ESP"), on the one hand, and the Official Committee

18   of Unsecured Creditors appointed by the U.S. Trustee in the Debtor's case ("Committee"), on the

19   other hand, and, having determined that, to facilitate the exchange of information and documents

20   which may be subject to confidentiality limitations on disclosure due to federal and state law and

21   privacy rights, good cause exists to enter this Order ("Protective Order"), it is hereby ORDERED

22   that:

23   1.   <u>PURPOSES AND LIMITATIONS</u>.

24        1.1.    <u>Purpose</u>: Disclosure and discovery activity in this case are likely to involve

25   production of confidential, proprietary, or private information for which special protection from

26   public disclosure and from use for any purpose other than litigation in this case may be warranted.

27

28

2.    <u>DEFINITIONS</u>.

2.1.    <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2.    <u>"CONFIDENTIAL" Information or Items</u>: information (regardless of how it is generated, stored or maintained) or tangible things the party designating or producing it reasonably believes contains or reflects information subject to protection, including without limitation: (1) information in the nature of a trade secret or other research, investigation, development, commercial or operational information of a confidential or proprietary nature; (2) financial, marketing, planning, strategic, investigative, or other internal information, data, analyses, or specifications of a proprietary, confidential or competitive nature; (3) information deemed confidential or non-public by any regulatory body; (4) information otherwise protected by law from disclosure; and/or (5) any other information with respect to which there is an objectively compelling need for confidentiality. Only documents in the following categories shall be designated as Confidential: documents that have not been made public, which the disclosing party in good faith believes will, if disclosed, have the effect of causing harm to its business or competitive position; or in the case of individuals, shall be limited to documents that reveal personal information, such as contact information, social security numbers, or Protected Health Information (as defined in 45 CFR § 160.13).

2.3.    <u>Counsel</u>: Attorneys who are retained to represent or advise a Party and have appeared in this action on behalf of that Party or are affiliated with a law firm that has appeared on behalf of that Party.

2.4.    <u>Designating Party</u>: a Party or Non-Party that designates as "CONFIDENTIAL" information or items that it produces in disclosures or in responses to discovery.

2.5.    <u>Disclosure or Discovery Material</u>: All items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6.    <u>Expert</u>: A person with specialized knowledge or experience in a matter pertinent to litigation in this case who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this case.

2.7.    <u>Financial Advisor</u>: shall mean a financial advisor who is retained by Mega, ESP, or the Committee or such entities' counsel to serve as a financial advisor in this case and whose retention is disclosed to the other Parties upon retention. For the avoidance of doubt, "Financial Advisor" shall mean Emerald Capital Advisors as financial advisor to the Committee.

2.8.    <u>HIGHLY CONFIDENTIAL – ATTORNEYS' AND FINANCIAL ADVISOR'S EYES ONLY Information or Items</u>: Extremely sensitive "Confidential Information or Items," the disclosure of which to another Party or Non-Party (including to the individual members of the Committee) would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.9.    <u>Non-Party</u>: Any natural person, partnership, corporation, association, or other legal entity other than Mega, ESP, or Committee.

2.10.    <u>Party</u>: Mega, ESP, and Committee, including all of such entities' officers, directors, members employees, consultants, retained experts, Financial Advisors who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and Counsel (and their support staffs).

2.11.    <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material pursuant to in the Debtor's chapter 11 proceeding.

2.12.    <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.13.    <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or HIGHLY CONFIDENTIAL—ATTORNEYS' AND FINANCIAL ADVISOR'S EYES ONLY."

2.14.    <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

3. <u>SCOPE</u>.

The protections conferred by this Protective Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Protective Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Protective Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any Party seeking to use Protected Material at a hearing in this case shall seek to seal any such Protected Material.

4. <u>DURATION</u>

Even after final disposition of this case, the confidentiality obligations imposed by this Protective Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition (a "Final Disposition") shall be deemed to be the later of (1) dismissal of the Debtor's case; (2) confirmation of a plan; and (3) final determination of all appeals from either of the foregoing.

5. <u>DESIGNATING PROTECTED MATERIAL</u>.

5.1.    <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Protective Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Protective Order.

1    Mass, indiscriminate, or routinized designations are prohibited, as are designations that are

2    shown to be clearly unjustified or that have been made for an improper purpose (e.g., to

3    unnecessarily encumber or retard the case development process or to impose unnecessary expenses

4    and burdens on other parties). If it comes to a Designating Party's attention that information or

5    items that it designated for protection do not qualify for protection, that Designating Party must

6    promptly notify all other Parties that it is withdrawing the mistaken designation.

7    5.2.    Manner and Timing of Designations. Except as otherwise provided in this Protective

8    Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered,

9    Disclosure or Discovery Material that qualifies for protection under this Protective Order must be

10    clearly so designated before the material is disclosed or produced. Any Receiving Party may make

11    a designation with respect to Disclosure or Discovery Material of a Producing Party within 14 days

12    of receipt and the Producing Party and all Receiving Parties must cooperate to promptly affix the

13    appropriate legend to the Disclosure and Discovery Material in their possession, custody, or control.

14    Designation in conformity with this Protective Order requires:

15    (a) For information in documentary form (e.g., paper or electronic documents, but

16    excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party

17    affix the legend "CONFIDENTIAL" to each page that contains protected material. If only a portion

18    or portions of the material on a page qualifies for protection, the Producing Party also must clearly

19    identify the protected portion(s) (e.g., by making appropriate markings in the margins).

20    A Party or Non-Party that makes original documents or materials available for inspection

21    need not designate them for protection until after the inspecting Party has indicated which material

22    it would like copied and produced. During the inspection and before the designation, all of the

23    material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting

24    Party has identified the documents it wants copied and produced, the Producing Party must

25    determine which documents, or portions thereof, qualify for protection under this Protective Order.

26    Then, before producing the specified documents, the Producing Party must affix the

27    "CONFIDENTIAL" legend to each page that contains Protected Material. If only a portion or

28

SNELL & WILMER
L.L.P.
LAW OFFICES
600 ANTON BLVD
SUITE 1400
COSTA MESA, CALIFORNIA 92626

1    portions of the material on a page qualifies for protection, the Producing Party also must clearly

2    identify the protected portion(s) (e.g., by making appropriate markings in the margins).

3        (b) for testimony given in deposition or hearing or pretrial or trial proceedings, the

4    Designating Party must either: (i) identify the protected testimony on the record, before the close

5    of the deposition, hearing, or other proceeding; or (ii) send a letter to all counsel within the time

6    permitted for the review and signing of the deposition by the witness (in the event of a deposition)

7    or within 7 days of receipt of the transcript of the hearing (in the event of a hearing) identifying the

8    protected testimony.

9        (c) for information produced in some form other than documentary and for any other

10   tangible items, that the Producing Party affix in a prominent place on the exterior of the container

11   or containers in which the information or item is stored the legend "CONFIDENTIAL." If only a

12   portion or portions of the information or item warrant protection, the Producing Party, to the extent

13   practicable, shall identify the protected portion(s).

14   5.3.    Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to

15   designate qualified information or items does not, standing alone, waive the Designating Party's

16   right to secure protection under this Protective Order for such material. Upon timely correction of

17   a designation, the Receiving Party must make reasonable efforts to assure that the material is treated

18   in accordance with the provisions of this Protective Order.

19   6.  CHALLENGING CONFIDENTIALITY DESIGNATIONS.

20   6.1.    Timing of Challenges. Any Party or Non-Party may challenge a designation of

21   confidentiality but must do so within 30 days after dismissal of the case or entry of an order

22   confirming a plan. Unless a prompt challenge to a Designating Party's confidentiality designation

23   is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a

24   significant disruption or delay of the case, a Party does not waive its right to challenge a

25   confidentiality designation by electing not to mount a challenge promptly after the original

26   designation is disclosed.

27   6.2.    Meet and Confer. The Challenging Party shall initiate the dispute resolution process

28   by providing written notice of each designation it is challenging and describing the basis for each

SNELL & WILMER
L.L.P.
LAW OFFICES
600 ANTON BLVD
SUITE 1400
COSTA MESA, CALIFORNIA 92626

challenge, which may be an email sent to the Producing Party's Counsel. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice-to-voice dialogue between Counsel; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3.        _Judicial Intervention_. If the Parties cannot resolve a challenge without Court intervention, the Designating Party shall file and serve a motion to retain confidentiality within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph.

In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph. All parties shall continue to afford the material in question the level of protection to which it is entitled under the Designating Party's designation until the court rules on the challenge.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.

1    If the Parties need to file a Motion under seal, the Parties may file a stipulation to that effect
2    or the moving party may file an *ex parte* application making the appropriate request. The Parties
3    must set forth good cause in the stipulation or *ex parte* application as to why the Motion or portions
4    thereof should be filed under seal.

5    7.   ACCESS TO AND USE OF PROTECTED MATERIAL.

6    7.1.   Basic Principles. A Receiving Party may only use Protected Material that is
7    disclosed or produced by another Party or by a Non-Party in connection with this case only for
8    prosecuting, defending, or attempting to settle contested matters in this case, to negotiate a form of
9    chapter 11 plan for the Debtor and, with respect to the Committee, to investigate the Debtor's assets,
10    liabilities, business operations and financial performance. Protected Material may not be used for
11    any other purpose whatsoever; provided, however, that this Protective Order shall not prohibit any
12    Party from disclosing Protected Material where such disclosure is otherwise required by law.
13    Protected Material may be disclosed only to the categories of persons and under the conditions
14    described in this Protective Order. Upon a Final Disposition, a Receiving Party must comply with
15    the provisions of section 13 below (FINAL DISPOSITION).

16    Protected Material must be stored and maintained by a Receiving Party at a location and in
17    a secure manner that ensures that access is limited to the persons authorized under this Protective
18    Order.

19    7.2.   Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered
20    by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any
21    information or item designated "CONFIDENTIAL" only to:

22    (a) the Receiving Party's Counsel in this action, as well as employees of said
23    Counsel to whom it is reasonably necessary to disclose the information for this case;

24    (b) any Financial Advisor, as well as employees of such Financial Advisor to whom
25    it is reasonably necessary to disclose the information for this case;

26    (c) the officers, directors, and employees of the Receiving Party to whom disclosure
27    is reasonably necessary for this case;

28

SNELL & WILMER
L.L.P.
LAW OFFICES
600 ANTON BLVD
SUITE 1400
COSTA MESA, CALIFORNIA 92626

(d) Experts (as defined in this Protective Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(e) the Court and its personnel;

(f) court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this case and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Protective Order.

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.3. <u>Disclosure of Highly Confidential Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL- ATTORNEYS' AND FINANCIAL ADVISOR'S EYES ONLY" only to:

(a) the Receiving Party's Counsel in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this case;

(b) any Financial Advisor;

(c) the Court and its personnel;

(d) court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this case and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and

SNELL & WILMER
L.L.P.
LAW OFFICES
600 ANTON BLVD
SUITE 1400
COSTA MESA, CALIFORNIA 92626

(e) Mediators engaged by the Parties to assist in this case provided that all such persons have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

(f) for the avoidance of doubt, the individual members of the Committee shall not have access to any information or items designated "HIGHLY CONFIDENTIAL—ATTORNEYS' AND FINANCIAL ADVISOR'S EYES ONLY."

7.4.    Court Hearings. If any party or Non-Party bound by this Protective Order intends to disclose, discuss or otherwise refer to any Protected Material in open court at any hearing or trial, that person must notify the Court, the party that designated the Protected Material, and all other parties in the action of its intention to do so.

7.5.    Filings with the Court. If confidential material is included in any papers to be filed in Court, such papers shall be accompanied by an application to file the papers—or the confidential portion thereof—under seal pursuant to LBR 5003-2(c); the application must demonstrate good cause for filing under seal.

8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION.

8.1.    If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' AND FINANCIAL ADVISOR'S EYES ONLY," that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

8.2.    If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as

"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' AND FINANCIAL ADVISOR'S EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission or the Party is obligated to produce the information under applicable law.

8.3.    The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court or governmental body.

9.    <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION</u>.

9.1.    The terms of this Protective Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' AND FINANCIAL ADVISOR'S EYES ONLY." Such information produced by Non-Parties in connection with this case is protected by the remedies and relief provided by this Protective Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

9.2.    In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to a written agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(a) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a written confidentiality agreement with a Non-Party;

(b) promptly provide the Non-Party with a copy of the Protective Order in this case, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(c) Make the information requested available for inspection by the Non-Party.

9.3.    If the Non-Party fails to object or seek a protective order from this court within 7 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely

seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court. Absent a Court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

10. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL.

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Protective Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL.

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review.

12. MISCELLANEOUS.

12.1.    Right to Further Relief. Nothing in this Protective Order abridges the right of any person to seek its modification by the court in the future.

12.2.    Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3.     <u>Filing Protected Material</u>. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this case any Protected Material. A Party that seeks to file under seal any Protected Material must comply with LBR 5003-2(c). Protected Material may only be filed under seal pursuant to a Court order authorizing the sealing of the specific Protected Material at issue. Pursuant to LBR 5003-2(c), a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant to LBR 5003-2(c) is denied by the Court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

13.     <u>FINAL DISPOSITION</u>.

Within 30 days after the final disposition of this case, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 30 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material and are entitled to retain any other Protected Material such Counsel may be obligated to retain under governing rules of professional conduct. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order.

14.    <u>VIOLATION</u>.

Any violation of this Protective Order may be punished by appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

**IT IS ORDERED.**

###

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name],

of _____     _____ [print or

type full address], declare under penalty of perjury that I have

read in its entirety and understand this Protective Order issued

by the United States Bankruptcy Court for the Central District of

California, Los Angeles Division in the case *In re Escada*

*America, LLC*, Case No. 2:22-bk-10266-BB.

I agree to comply with and to be bound by all the terms of

this Protective Order and I understand and acknowledge that

failure to so comply could expose me to sanctions and punishment

in the nature of contempt. I solemnly promise that I will not

disclose in any manner any information or item that is subject to

this Protective Order to any person or entity except in strict

compliance with the provisions of this Protective Order.

I further agree to submit to the jurisdiction of the United

States Bankruptcy Court for the Central District of California

for the purpose of enforcing the terms of this Protective Order,

even if such enforcement proceedings occur after a Final

Disposition.

1  Dated: _____

2  City and State where sworn and signed: _____

3

4  Printed name: _____

5

6  Signature: _____

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SNELL & WILMER
L.L.P.
LAW OFFICES
600 ANTON BLVD
SUITE 1400
COSTA MESA, CALIFORNIA 92626

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
600 Anton Boulevard, Suite 1400, Costa Mesa, CA  92626-7689.

A true and correct copy of the foregoing document entitled (*specify*): <u>STIPULATION BETWEEN MEGA
INTERNATIONAL, LLC, ESCADA SOURCING AND PRODUCTION, LLC, AND THE OFFICIAL COMMITTEE
UNSECURED CREDITORS RE PROTECTIVE ORDER CONCERNING DISCLOSURE OF DISCOVERY MATERIAL</u> will be
served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the
manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General
Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*)
August 31, 2022, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the
following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Dustin P Branch**    branchd@ballardspahr.com, carolod@ballardspahr.com;hubenb@ballardspahr.com
- **John C Cannizzaro**    john.cannizzaro@icemiller.com, julia.yankula@icemiller.com
- **Michael J Darlow**    mdarlow@pbfcm.com, tpope@pbfcm.com
- **Caroline Djang**    cdjang@buchalter.com, docket@buchalter.com;lverstegen@buchalter.com
- **Eryk R Escobar**    eryk.r.escobar@usdoj.gov
- **John-Patrick M Fritz**    jpf@lnbyg.com, JPF.LNBYB@ecf.inforuptcy.com
- **Jonathan Gottlieb**    jdg@lnbyg.com
- **William W Huckins**    whuckins@allenmatkins.com, clynch@allenmatkins.com;igold@allenmatkins.com
- **Gregory Kent Jones (TR)**    gjones@sycr.com,
  smjohnson@sycr.com;C191@ecfcbis.com;cpesis@stradlinglaw.com
- **Michael S Kogan**    mkogan@koganlawfirm.com
- **Carmela Pagay**    ctp@lnbyg.com
- **Kristen N Pate**    bk@bpretail.com
- **Terrel Ross**    tross@trcmllc.com
- **Lindsey L Smith**    lls@lnbyg.com, lls@ecf.inforuptcy.com
- **Ronald M Tucker**    rtucker@simon.com, cmartin@simon.com;psummers@simon.com;Bankruptcy@simon.com
- **United States Trustee (LA)**    ustpregion16.la.ecf@usdoj.gov
- **Eric R Wilson**    kdwbankruptcydepartment@kelleydrye.com, MVicinanza@ecf.inforuptcy.com

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) XXXX, I served the following persons and/or entities at the last known addresses in this bankruptcy case or
adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class,
postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will
be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                 **F 9013-3.1.PROOF.SERVICE**

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) XXXX, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 8/31/22 | Kelley E. Nestuk | /s/ Kelley E. Nestuk |
|---------|------------------|----------------------|
| *Date*  | *Printed Name*   | *Signature*          |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.