Eric R. Wilson (CA Bar No. 192220)
Robert L. LeHane (admitted *pro hac vice*)
Kristin S. Elliott (admitted *pro hac vice*)
KELLEY DRYE & WARREN LLP
3 World Trade Center
175 Greenwich Street
New York, New York 10007
Telephone:  (212) 808-7800
Facsimile:  (212) 808-7897
Email: ewilson@kelleydrye.com
       rlehane@kelleydrye.com
       kelliott@kelleydrye.com

Becca J. Wahlquist (CA Bar No. 215948)
KELLEY DRYE & WARREN LLP
350 South Grand Avenue, Suite 3800
Los Angeles, CA 90071
Telephone:  (213) 547-4900
Facsimile:  (213) 547-4901
Email:  bwahlquist@kelleydrye.com

Counsel for the Official Committee of
Unsecured Creditors of Escada America, LLC

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA LOS ANGELES DIVISION**

| | |
|---|---|
| In re | ) Case No: 2:22-bk-10266-BB |
| | ) |
| ESCADA AMERICA, LLC, | ) Chapter 11 Case |
| | ) |
| Debtor and Debtor-in- Possession. | ) **OFFICIAL COMMITTEE OF UNSECURED** |
| | ) **CREDITORS' OBJECTION TO DEBTOR'S** |
| | ) **MOTION TO USE CASH COLLATERAL** |
| | ) **PURSUANT TO AMENDED PROPOSED** |
| | ) **BUDGET** |
| | ) |
| | ) Hearing: |
| | ) Date:   October 12, 2022 |
| | ) Time:   10:00 a.m. |
| | ) Place:[1] Courtroom 1539 |
| | )           255 East Temple Street |
| | )           Los Angeles, CA 90012 |
| | ) |

---

[1] Hearing in-person and by video-conference Government Zoom, see Court's website under "Telephonic Instructions for more details: https://www.cacb.uscourts.gov/judges/honorable-sheri-bluebond.

The Official Committee of Unsecured Creditors (the "Committee") of Escada America, LLC, the above-captioned debtor and debtor-in-possession (the "Debtor") hereby (i) objects to the revised proposed three (3) week budget (the "Revised Budget") appended to the *Debtor's Notice of Non-Reply to Committee's Objection [ECF 319] to Debtor's Motion for Order: (I) Authorizing Use of Cash Collateral Pursuant to Section 363 of the Bankruptcy Code; and (II) Approving Adequate Protection [ECF 312]* (the "Non-Reply"),[2] and (ii) responds briefly to the Non-Reply and the *Statement of Secured Creditors Concerning Limited Consent to Debtor's Use of Cash Collateral and Reservation of Rights* (the "Statement").[3] In connection therewith, the Committee respectfully states:

1. The Committee recognizes the potential procedural irregularity of this pleading, and it will not burden the Court with a tit-for-tat over the parties' post-filing discussions regarding the Cash Collateral Motion,[4] but the Non-Reply and Statement merit a brief response. Suffice to say, the Committee vigorously disputes most of the facts asserted in the Non-Reply and Statement.

2. Since its formation, the Committee has done its job: it has endeavored to "investigate the acts, conduct, assets, liabilities, and financial condition of the [D]ebtor, the operation of the [D]ebtor's business and the desirability of the continuance of such business, and any other matter relevant to the case or to the formulation of a plan." 11 U.S.C. § 1103(c)(2). To date, the Committee has tried—repeatedly—to obtain information required to fulfil its statutory mandate voluntarily and on a streamlined basis. The Committee has also been available at all times to negotiate with the Debtor and the Insider Secured Creditors over a plan—so long as basic information is provided to ensure any deal is fair and can satisfy applicable statutory standards.

3. Faced with the Committee's persistent efforts to get answers to fundamental questions about the Debtor, its assets and liabilities, the Debtor and the Insider Secured Creditors made the strategic decision to file the Cash Collateral Motion, which, as reflected in the *Official Committee of Unsecured Creditors' Objection to Debtor's Motion for Order: (I) Authorizing Use of*

---

[2] Docket No. 328.
[3] Docket No. 330.
[4] Capitalized terms used but not defined herein have the meanings ascribed to them in the Cash Collateral Objection (defined below).

2

*Cash Collateral Pursuant to Section 363 of the Bankruptcy Code; and (II) Approving Adequate Protection* (the "Cash Collateral Objection"),[5] seeks to tilt this case irrevocably (and improperly) in the Insider Secured Creditors' favor. Rather than attempt to negotiate a consensual arrangement with the Committee before seeking a final cash collateral order (standard chapter 11 practice), the Debtor filed the Cash Collateral Motion at the last possible moment without any advance notice to the Committee. The Committee had seven (7) days to respond to the Debtor's case dispositive motion.

4. After the Debtor and Insider Secured Creditors were advised that the Committee was preparing a fulsome response, including formal discovery, they did not withdraw the Cash Collateral Motion before the Committee's objection deadline, as they could have done. Instead, the Debtor and Insider Secured Creditors tried to backpedal by asking the Committee to refrain from filing an objection so the parties could engage in the very discussions the Debtor and the Insider Secured Creditors strategically opted to forego before the Cash Collateral Motion was filed. In response, the Committee advised the Debtor and the Insider Secured Parties that it would confront the Cash Collateral Motion on the procedural footing those parties chose to invoke. It is not the Committee's fault that the Debtor and the Insider Secured Creditors must lie in a bed of their own making now that their strategic ploy has backfired.

5. The Committee remains willing to mediate with the Debtor and the Insider Secured Creditors, but it is not true that mediation will occur "this month or in November."[6] Mediation will not occur until at least the second week of November. The Committee is willing to mediate at that time,[7] but it is not willing to stay its pending discovery for another month, while the Debtor and

---

[5] Docket No. 319.
[6] The Debtor's and Insider Secured Creditors' respective counsel knew this statement was not true when they filed the Non-Reply, as both mediators the parties contacted had already advised the parties in writing that they were not available for mediation in October. The Debtor will likely defend the statement that mediation will occur "this Month or in November" by arguing the parties could still select an alternate mediator and conduct a mediation by month-end. That argument is disingenuous at best, as it is unreasonable to believe the parties will be able to identify an alternate mediator with availability to mediate the issues in this case within the next three (3) weeks.
[7] Curiously, it is the Insider Secured Creditors who are not willing to mediate in November. *See* Statement at 2:23-26 (stating in no uncertain terms that the Insider Secured Creditors will not consent to the use of cash collateral beyond October 29).

3

Insider Secured Creditors request that the Court hold the Cash Collateral Motion in abeyance as a sword of Damocles over the parties' negotiations and this proceeding. The Cash Collateral Motion is a contested matter, and the Committee has a right to discovery with respect to its Cash Collateral Objection. *See* Fed. R. Bankr. P. 9014.

6. The Revised Budget does not resolve the Collateral Objection or abate the Committee's need for discovery. Among other things, the Debtor still fails to provide:

- Any evidence that the Revised Budget is in the best interest of the estate;

- Any explanation for why the Debtor will pay $15,000 in rent on behalf of a non-debtor affiliate when there is no legal obligation for the Debtor to pay such amount;

- Any explanation for why it is in the best interest of the estate to pay four (4) corporate employees to manage one unowned location with only five (5) store-level employees;

- Any evidence supporting the decision to pay Mega $22,000 for benefits (while the Statement is large on rhetoric, it is devoid of evidence on this point); and

- Any evidence there is a legitimate going concern to preserve through the Revised Budget.[8]

7. The Committee intends to pursue answers to these and its other questions pursuant to its noticed discovery. The administrative fees and expenses the Committee has incurred are necessary to ensure that at least one estate fiduciary investigates the Debtor's affairs.[9] It is not surprising to learn that the Debtor's legal fees are less than the Committee's. As discussed in the Cash Collateral Objection, the Debtor is hopelessly conflicted and incapable of fulfilling, or at least unwilling to fulfill, its fiduciary obligations. If anything, the relative fee burn underscores how little the Debtor has done to maximize the value of its estate for non-insiders.[10]

---

[8] *See* Cash Collateral Motion at 17:25-18:2 (representing without evidence that the use of cash is required to preserve the Debtor's going concern).

[9] The Committee and its professionals understand fully that their fees and expenses are subject to this Court's review and approval pursuant to a fee application process under 11 U.S.C. § 330 and related authority.

[10] *See* Cash Collateral Objection at ¶¶ 52-54 (discussing the Debtor's fiduciary duty to act impartially for the benefit of all creditors).

1     **WHEREFORE**, the Committee respectfully requests that the Court (i) deny the Cash Collateral Motion, and (ii) grant such other and further relief as the Court deems just and proper.

Dated: October 6, 2022

**KELLEY DRYE & WARREN LLP**

By: */s/ Eric R. Wilson*
Eric R. Wilson ( CA Bar No. 192220)
Robert L. LeHane (admitted *pro hac vice*)
Kristin S. Elliott (admitted *pro hac vice*)
3 World Trade Center
175 Greenwich Street
New York, New York 10007
Tel: (212) 808-7800
Fax: (212) 808-7897
Email:  ewilson@kelleydrye.com
         lehane@kelleydrye.com
         kelliott@kelleydrye.com

*Counsel to the Official Committee of Unsecured Creditors of Escada America, LLC*

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: Kelley Drye & Warren LLP, 3 World Trade Center, 175 Greenwich Street, New York, NY 10007.

A true and correct copy of the foregoing document entitled (*specify*): **OFFICIAL COMMITTEE OF UNSECURED CREDITORS' OBJECTION TO DEBTOR'S MOTION TO USE CASH COLLATERAL PURSUANT TO AMENDED PROPOSED BUDGET** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 10/6/2022, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

                             X  Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) 10/6/2022, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Holthouse Carlin & Van Trigt LLP
1801 W.Olympic Blvd.
Pasadena, CA 91199-1404

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) 10/6/2022, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**VIA OVERNIGHT**
The Honorable Sheri Bluebond
United States Bankruptcy Court
Central District of California
Edward R. Roybal Federal Building and
Courthouse 255 E. Temple Street, Suite 1534
Courtroom 1539
Los Angeles, CA 90012

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 10/6/2022 | Eric R. Wilson | */s/ Eric R. Wilson* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                 **F 9013-3.1.PROOF.SERVICE**

**SERVICE VIA ECF**

Dustin P Branch on behalf of Creditor The Macerich Company
branchd@ballardspahr.com, carolod@ballardspahr.com, hubenb@ballardspahr.com

John C Cannizzaro on behalf of Creditor 717 GFC LLC
john.cannizzaro@icemiller.com, julia.yankula@icemiller.com

Michael J Darlow on behalf of Creditor Harris County Municipal Utility District #358
mdarlow@pbfcm.com, tpope@pbfcm.com

Caroline Djang on behalf of Interested Party Caroline R. Djang
cdjang@buchalter.com, docket@buchalter.com lverstegen@buchalter.com

Eryk R Escobar on behalf of U.S. Trustee United States Trustee (LA)
eryk.r.escobar@usdoj.gov

John-Patrick M Fritz on behalf of Attorney Levene, Neale, Bender, Yoo & Golubchik L.L.P.
jpf@lnbyg.com, JPF.LNBYB@ecf.inforuptcy.com

John-Patrick M Fritz on behalf of Debtor Escada America, LLC
jpf@lnbyg.com, JPF.LNBYB@ecf.inforuptcy.com

Jonathan Gottlieb on behalf of Debtor Escada America, LLC
jdg@lnbyg.com

Marshall J Hogan on behalf of Creditor Escada Sourcing and Production, LLC
mhogan@swlaw.com, knestuk@swlaw.com

Marshall J Hogan on behalf of Creditor Mega International, LLC
mhogan@swlaw.com, knestuk@swlaw.com

William W Huckins on behalf of Creditor Brookfield Properties Retail, Inc.
whuckins@allenmatkins.com, clynch@allenmatkins.com, igold@allenmatkins.com

William W Huckins on behalf of Creditor SIMON PROPERTY GROUP INC
whuckins@allenmatkins.com, clynch@allenmatkins.com, igold@allenmatkins.com

Gregory Kent Jones (TR)
gjones@sycr.com, smjohnson@sycr.com;C191@ecfcbis.com, cpesis@stradlinglaw.com

Michael S Kogan on behalf of Creditor Michael Kogan Law Firm, APC
mkogan@koganlawfirm.com

Carmela Pagay on behalf of Debtor Escada America, LLC
ctp@lnbyg.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012    **F 9013-3.1.PROOF.SERVICE**

Kristen N Pate on behalf of Creditor Brookfield Properties Retail, Inc.
bk@bpretail.com

Eric S Pezold on behalf of Creditor Escada Sourcing and Production, LLC
epezold@swlaw.com, knestuk@swlaw.com

Eric S Pezold on behalf of Creditor Mega International, LLC
epezold@swlaw.com, knestuk@swlaw.com

Terrel Ross on behalf of Interested Party TR Capital Management LLC
tross@trcmllc.com

Lindsey L Smith on behalf of Debtor Escada America, LLC
lls@lnbyg.com, lls@ecf.inforuptcy.com

Ronald M Tucker, Esq on behalf of Creditor SIMON PROPERTY GROUP INC
rtucker@simon.com, cmartin@simon.com, psummers@simon.com, Bankruptcy@simon.com

United States Trustee (LA)
ustpregion16.la.ecf@usdoj.gov


**VIA FIRST CLASS MAIL**

Holthouse Carlin & Van Trigt LLP
1801 W.Olympic Blvd.
Pasadena, CA 91199-1404

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*    **F 9013-3.1.PROOF.SERVICE**