JOHN-PATRICK M. FRITZ (State Bar No. 245240)
CARMELA T. PAGAY (State Bar No. 195603)
LEVENE, NEALE, BENDER,
YOO & GOLUBCHIK L.L.P.
2818 La Cienega Avenue
Los Angeles, California 90034
Telephone: (310) 229-1234
Facsimile: (310) 229-1244
Email: JPF@LNBYG.COM; CTP@LNBYG.COM

Attorneys for Chapter 11
Debtor and Debtor in Possession

**FILED & ENTERED**

**MAR 16 2023**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY evangeli DEPUTY CLERK**

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

In re:

ESCADA AMERICA LLC,

    Debtor and Debtor in Possession.

Case No.: 2:22-bk-10266-BB

Chapter 11 Case

**ORDER CONFIRMING DEBTOR'S FIRST AMENDED CHAPTER 11 REORGANIZATION PLAN, DATED JANUARY 27, 2023**

Hearing:
Date: March 15, 2023
Time: 11:00 a.m.
Place: Courtroom 1539
       255 East Temple Street
       Los Angeles, CA 90012

1

On March 15. 2023, at 11:00 a.m., the Honorable Sheri Bluebond, United States Bankruptcy Judge for the Central District of California (the "Court") held a hearing (the "Hearing") in Courtroom 1539 on the 15th Floor of the United States Bankruptcy Courthouse located at 255 East Temple Street, Los Angeles, California, to consider the confirmation of the *Debtor's First Amended Chapter 11 Plan of Reorganization, Dated January 27, 2023* [ECF 425] (the "Plan") filed by Escada America LLC, a Delaware limited liability company (the "Debtor"), the debtor and debtor in possession in the above-captioned chapter 11 bankruptcy case (the "Case"). Appearances were made as set forth on the record of the Court at the Hearing.

In support of, opposition to, or in connection with the Plan, the parties in interest filed the following, and the Court read and considered the same, in conjunction with plan confirmation pursuant to 11 U.S.C. § 1129:

(i)  The Plan;

(ii)  The *Disclosure Statement Describing Debtor's First Amended Chapter 11 Plan of Reorganization, Dated January 27, 2023* [ECF 426] (the "Disclosure Statement");

(iii)  The *Notice of: (1) Hearing on Confirmation of Debtor's First Amended Chapter 11 Reorganization Plan, Dated January 27, 2032; (2) Deadline for Voting; and (3) Deadlines for Filing Briefs* [ECF 437] (the "Notice");

(iv)  The *Debtor's Confirmation Brief in Support of Debtor's First Amended Chapter 11 Reorganization Plan, Dated January 27, 2023* [ECF 456] (the "Motion");

(v)  The *Declaration of Kevin Walsh in Support of Debtor's Confirmation Brief in Support of Debtor's First Amended Chapter 11 Reorganization Plan, Dated January 27, 2023* [ECF 457] (the "Walsh Declaration");

(vi)  The *Declaration of John-Patrick M. Fritz in Support of Debtor's Confirmation Brief in Support of Debtor's First Amended Chapter 11 Reorganization Plan, Dated January 27, 2023* [ECF 458] (the "Fritz Declaration"); and

(vii)  The Plan Ballot Summary [ECF 459].

In addition to the foregoing pleadings, documents, and evidence, the Court considered the record in the Case, the docket in the Case, and the oral arguments of counsel made on the record at the Hearing. The Court may consider the cumulative record and evidence amassed throughout the case in confirming a plan. *In re Acequia, Inc.*, 787 F.2d 1352, 1359 (9th Cir. 1986).

Upon consideration of the foregoing, the Court has made the Court's Findings of Facts and Conclusions of Law in Support of the Court's Order Confirming the Debtor's First Amended Chapter 11 Reorganization Plan, Dated January 27, 2023 (the "<u>Findings</u>") signed concurrently with this order (the "<u>Plan Order</u>"). The Plan, as modified by the Findings and this Plan Order, is referred to herein as the "<u>Plan</u>." Based on the foregoing, and for the reasons stated in the Findings, and for good cause appearing therefor,

**THE COURT HEREBY FINDS** that notice of the Plan, Motion, and Hearing and the time fixed for submitting ballots and filing objections to confirmation of the Plan was good and proper and adequate under applicable rules and the circumstances of the Case, and no further notice is necessary or appropriate prior to entry of this Plan Order confirming the Plan; and

**THE COURT HEREBY ORDERS** as follows:

1. The Motion is GRANTED as set forth in this Plan Order.

2. The Plan and each of its provisions, as modified by this Plan Order, is CONFIRMED pursuant to 11 U.S.C. § 1129(a). Any capitalized terms contained herein that are not otherwise defined have the meanings ascribed to them in the Plan and Motion.

3. The Plan is confirmed as to Classes 1, 2, 3, 4, 5, and 6 pursuant to 11 U.S.C. § 1129(a).

4. All objections to the Plan are OVERRULED.

5. The terms of the Plan are incorporated by reference into and are an integral part of this Plan Order. The failure to specifically include any particular provision of the Plan in this Plan Order will not diminish the effectiveness of such provision or constitute a waiver thereof, it being the intent of the Court that the Plan is confirmed in its entirety and incorporated herein by reference, unless specifically modified by the Plan Order.

6. To the extent the Plan is deemed to be a motion for approval of the compromises and settlements of various issues, such motion is hereby granted and such compromises and settlements are hereby approved, pursuant to 11 U.S.C. § 1123(b)(3) and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

7. The effective date (the "Effective Date") of the Plan shall be the first day after the Court enters this Plan Order and all of the following conditions have been satisfied or waived as specified below: (1) the entire GUC Distribution, in an amount no less than the GUC Floor, has been funded into a distribution account; (2) all documents, instruments, and agreements to be executed in connection with the Plan shall have been executed and delivered by all parties to such documents, instructions, and agreements; (3) 14 days following the entry of this Plan Oder shall have passed without an appeal of this Plan Order having been filed; (4) the Plan is not subject to an appeal or rehearing; and (5) there is no stay in effect with respect to this Plan Order. Condition number (1) above can be waived only by the unanimous and express written consent of the Debtor, the Committee, and the Secured Creditors. Conditions numbered (2) and (4) above can be waived by the Debtor in its sole discretion. Condition number (3) above can be waived by request of the Debtor with an order by the Bankruptcy Court pursuant to Rule 3020(e) of the Federal Rules of Bankruptcy Procedure. Condition number (5) cannot be waived. The Debtor, following the Effective Date, shall be referred to as the "Post-Confirmation Debtor."

8. Effective on the Effective Date, and except as expressly provided in this Plan Order, the Plan and its provisions shall be binding upon the Debtor, the Post-Confirmation Debtor, any individual or entity acquiring or receiving property or a distribution under the Plan and any holder of a claim against the Debtor, including all governmental entities, whether or not the claim of such holder is impaired under the Plan and whether or not such holder has accepted the Plan. Pursuant to 11 U.S.C. §§ 1123(a) and 1142(a) and the provisions of this Plan Order, the Plan and all other Plan-related documents shall apply and be enforceable notwithstanding any otherwise applicable non-bankruptcy law.

9. On the Effective Date, ESP shall be vested with all of the Debtor's inventory and tangible personal property. Other than those assets vested in ESP, and except as provided under

the Plan, the Post-Confirmation Debtor will acquire all assets and assume all liabilities of the Debtor, as restructured under the Plan, including all cash on deposit in debtor-in-possession bank accounts, and all claims, obligations, suits, judgments, damages, demands, debts, rights, causes of action, avoidance actions and strong-arm powers of a trustee under chapter 5 of the Bankruptcy Code, and liabilities held or asserted by the Debtor, shall vest in the Post-Confirmation Debtor on the Effective Date, free and clear of all liens, claims, encumbrances, and interests, except as expressly provided in the Plan.  On and after the Effective Date, except as otherwise provided in the Plan, the Post-Confirmation Debtor may manage its financial affairs and may use, acquire, and dispose of the foregoing property free of any restrictions of the Bankruptcy Code, the Bankruptcy Rules, and this Court.

10.    All avoidance actions and strong-arm powers of a trustee under chapter 5 of the Bankruptcy Code and any motions and/or adversary proceedings for substantive consolidation, shall irrevocably vest in the Debtor and be transferred in total to the Post-Confirmation Debtor upon confirmation of the Plan. The deadline for filing avoidance actions under chapter 5 of the Bankruptcy Code shall be the Plan Effective Date.  The deadline for the Debtor or Post-Confirmation Debtor to file any non-avoidance action shall be the earlier of (i) the statute of limitations for such cause of action and (ii) two years after the Petition Date. Regardless of whether they are listed on the Debtor's bankruptcy schedules of assets or specified in the Plan, all causes of action owned by the Debtor shall vest in the Post-Confirmation Debtor unless specifically settled with such settlement approved by order of the Bankruptcy Court prior to confirmation of the Plan.

11.    The Post-Confirmation Debtor shall be managed by Escada Store Services LLC as set forth in the Plan.

12.    Pursuant to Section 1146(c) of the Bankruptcy Code, any transfers from the Debtor to the Post-Confirmation Debtor or any other person in the United States pursuant to the Plan shall not be taxed under any law imposing a stamp tax or other similar tax.  Such exemption specifically applies, without limitation, to all documents necessary to evidence and implement distributions under the Plan, and vesting of the property in the Post-Confirmation Debtor.

13. This Plan Order constitutes an order of the Bankruptcy Court under § 365 of the Bankruptcy Code approving the assumption of the prepetition executory contracts and unexpired leases as set forth on Exhibit 4 to the Plan, with the Debtor and Post-Confirmation Debtor having conclusively provided adequate assurance of future performance and with the cure amounts conclusively determined to be the amounts set forth on Exhibit 4 to the Plan as of the Effective Date. Notwithstanding the foregoing, the consignment agreement with ESP is assumed with a cure amount of $0 to be paid, despite pre-petition and post-petition arrearage claims asserted by ESP, because under the terms of the Plan, ESP is to receive no payment through the Plan for its prepetition or post-petition claims.

14. As to those executory contracts and unexpired leases not listed on Exhibit 4 to the Plan, this Plan Order constitutes an order of the Bankruptcy Court under § 365 of the Bankruptcy Code approving the rejection of those prepetition executory contracts and unexpired leases as of the Effective Date. If the rejection of an executory contract or unexpired lease pursuant to the Plan results in a claim, then such claim will be classified as a Class 5 general unsecured claim, but shall be forever barred and shall not be enforceable against the Debtor and Post-Confirmation Debtor unless a proof of claim is filed and served upon counsel to the Post-Confirmation Debtor within thirty (30) days after entry of the Effective Date. THE BAR DATE FOR FILING A PROOF OF CLAIM BASED ON A CLAIM ARISING FROM THE REJECTION OF AN UNEXPIRED LEASE OR EXECUTORY CONTRACT WHICH IS REJECTED ON THE PLAN EFFECTIVE DATE WILL BE THIRTY DAYS AFTER THE PLAN EFFECTIVE DATE. Such claims shall be subject to the limitations set forth in 11 U.S.C. § 502(b) and other applicable sections of the Bankruptcy Code.

15. On and after the Effective Date, the Post-Confirmation Debtor shall be authorized to execute, deliver, file, or record such contracts, instruments, releases, indentures, and other agreements or documents, and take such actions as may be necessary or appropriate to effectuate and further evidence the terms and conditions of the Plan.

16. Continuing obligations of third parties to the Debtor under insurance policies, contracts, or leases that have otherwise ceased to be executory or have otherwise expired on or

prior to the Effective Date, including, without limitation, continuing obligations to pay insured claims, to defend against and process claims, to refund premiums or overpayments, to provide indemnification, contribution or reimbursement, to grant rights of first refusal, to maintain confidentiality, or to honor releases, shall continue and shall be binding on, and enforceable by the Post-Confirmation Debtor against such third parties notwithstanding any provision to the contrary in the Plan, unless otherwise specifically terminated by the Post-Confirmation Debtor or by order of this Court.

17. THE BAR DATE FOR FILING REQUESTS FOR PAYMENT OF ADMINISTRATIVE CLAIMS (OTHER THAN CLAIMS BY PROFESSIONALS EMPLOYED AT THE EXPENSE OF THE ESTATE) WAS MARCH 1, 2023. Any administrative claim<u>s</u> (other than claims by professionals employed at the expense of the estate) not already allowed as specified in the Plan are barred.

18. All final applications seeking allowance and payment of professional fee claims pursuant to Sections 327, 328, 330, 331, or 503(b) of the Bankruptcy Code and any claims under Section 503(b)(3), (4), or (5) of the Bankruptcy Code must be filed and served on the Post-Confirmation Debtor, and other necessary parties in interest no later than sixty (60) days after the Effective Date, unless otherwise ordered by this Court. Objections to such applications must be filed and served on the Post-Confirmation Debtor, its counsel, and the requesting professional or other entity no later than fourteen (14) days (or such longer period as may be allowed by order of this Court) prior to the hearing set by this Court for consideration of such application(s). All allowed professional fee claims shall be paid in full in cash promptly after allowance, or as otherwise agreed to by the applicable professional.

19. The Post-Confirmation Debtor will act as the disbursing agent under the Plan and will not charge any disbursing agent fee for making the Plan distributions.

20. All consideration distributed under the Plan shall be in exchange for, and in complete satisfaction, settlement, discharge, and release of, all claims of any nature whatsoever against the Debtor and any of its assets and properties and, regardless of whether any property shall have been abandoned by order of this Court, retained, or distributed pursuant to the Plan on

account of such claims; and upon the distribution of all payments required to be made under the Plan, pursuant to the Plan, except as otherwise provided in the Plan or in this Plan Order, the Debtor and Post-Confirmation Debtor shall be deemed discharged and released under Section 1141(d) of the Bankruptcy Code from any and all claims, including, but not limited to, demands and liabilities that arose before the Effective Date, and all debts of the kind specified in Section 502 of the Bankruptcy Code, whether or not (i) a proof of claim based upon such debt is filed or deemed filed under Section 501 of the Bankruptcy Code, (ii) a claim based upon such debt is allowed under Section 502 of the Bankruptcy Code, or (iii) the holder of a claim based upon such debt accepted the Plan.

21.    As of the Effective Date, except as provided in the Plan, all persons shall be precluded from asserting against the Debtor and the Post-Confirmation Debtor any other or further claims, debts, rights, causes of action, or liabilities relating to the Debtor based upon any act, omission, transaction, or other activity of any nature that occurred prior to the Petition Date related to the Debtor and/or its assets and properties.

22.    Without limiting the effect of the foregoing upon any person, by accepting distributions pursuant to the Plan, each holder of an allowed claim receiving distributions pursuant to the Plan shall be deemed to have specifically consented to the injunctions set forth in Section II.B.11 of the Plan.

23.    Injunctions and Releases:

a. **Subpart A**

i. The Plan Confirmation Order shall enjoin the prosecution, whether directly, derivatively or otherwise, of any claim, obligation, suit, judgment, damage, demand, debt, right, cause of action, equitable remedy, liability or interest released, discharged, stayed, or terminated pursuant to the Plan, including, but not limited to claims for voidable transfers, substantive consolidation, successor liability, recharacterization, and equitable subordination. Except as provided in the Plan or the Plan Confirmation Order, as of the Plan Effective Date,

<u>all entities that have held, currently hold or may hold a claim or other debt or liability or equitable remedy that was stayed or is discharged or an interest or other right of an equity security holder that is extinguished pursuant to the terms of the Plan are permanently enjoined from taking any of the following actions against: (I) (a) the Debtor, (b) the Post-Confirmation Debtor, or (c) alleged alter egos of the Debtor or Post-Confirmation Debtor, or (II) their property; on account of any such discharged claims, debts or liabilities or extinguished interests or rights: (i) commencing or continuing, in any manner or in any place, any action or other proceeding; (ii) enforcing, attaching, collecting or recovering in any manner any judgment, award, decree or order; (iii) creating, perfecting or enforcing any lien or encumbrance; (iv) asserting a setoff, right of subrogation or recoupment of any kind against any debt, liability or obligation due to the Debtor; and (v) commencing or continuing any action in any manner, in any place, that does not comply with or is inconsistent with the provisions of the Plan.  By accepting distributions pursuant to the Plan, each holder of an allowed claim receiving distributions pursuant to the Plan shall be deemed to have specifically consented to the injunctions set forth in this Section.  The injunction described in this paragraph (the "Injunction") is applicable to **all** creditors and parties in interest with respect to claims or causes of action arising or existing prior to the Plan Effective Date.</u>

ii. <u>All creditors and parties in interest who are presented with a copy of the Plan Confirmation Order are charged with actual knowledge of the Injunction and with actual knowledge that the Injunction is applicable to said creditor and/or party in interest ("Actual Knowledge"), such that it is impossible for said creditor and/or party in interest to have a</u>

9

<u>good faith belief that the Injunction does not apply to said creditor's and/or party in interest's claim or cause of action. Accordingly, any creditor and/or party in interest charged with such Actual Knowledge may be held in contempt for violating the Injunction, which contempt proceeding shall include an award of the Post-Confirmation Debtor's reasonable attorneys' fees and costs for enforcing the Injunction against any such creditor and/or party in interest.</u>

iii. <u>The settlement, release, and waiver of potential avoidance action claims and causes of action against the Secured Creditors is a substantial and material term of the Plan. Except for obligations under the Plan, on the Distribution Date, the Debtor and the bankruptcy estate (and, to the extent applicable, the Committee) shall immediately and irrevocably waive and release any and all claims against the Secured Creditors and all holders of General Unsecured Claims, including any avoidance, recovery, subordination, or other actions or remedies that may be brought on behalf of the Debtor or the bankruptcy estate under the Bankruptcy Code or applicable non-bankruptcy law, including actions or remedies under Chapter 5 of the Bankruptcy Code, but excluding any of the Debtor's claims against the bankruptcy estate of Neiman Marcus Group LTD LLC, et al. and its affiliates, which shall remain property of the Post-Confirmation Debtor.</u>

iv. <u>Notwithstanding any of the foregoing in this "Subpart A" to the contrary, the injunction of this "Subpart A" does not provide a Third Party Release (as defined immediately below) to the Released Parties (as defined immediately below) by the Releasing Parties (as defined immediately below) in the immediately following "Subpart B."</u>

    b. **Subpart B**

        i. <u>As an inducement for the Secured Creditors to agree to the terms of the Plan and provide the Cash Contribution, the Releasing Parties (as defined in this paragraph below) shall release each Secured Creditor, and all their successors, assigns, affiliates (as defined in section 101(2) of the Bankruptcy Code), agents, and any their current and former officers, directors, members, partners, employees, agents, financial advisors, attorneys, accountants, professionals and other representatives (collectively, the "Released Parties"), from any and all claims, known and unknown, predating plan confirmation (the "Third Party Release"). The releasing parties (the "Releasing Parties") for the Third Party Release are the Debtor, the bankruptcy estate, the Committee, and all holders of claims against the estate unless "opting out" of the Third Party Release when submitting its vote on the Plan.</u>

24. The exculpations provided for in Section II.B.10 of the Plan are hereby approved as revised by this Plan Order. To the maximum extent permitted by law, not any one of the Debtor, the Post-Confirmation Debtor, the Committee, Brookfield, Simon Property, Eden Roc International LLC, Escada Sourcing and Production LLC, Mega International LLC, each of its/their management, each of its/their professionals employed or retained by any of them, whether or not by Bankruptcy Court order (collectively, the "<u>Exculpated Parties</u>"), shall have or incur any liability to any person or entity for any act taken or omission made in good faith in connection with or related to the formulation and implementation of the Plan, or a contract, instrument, release, or other agreement or document created in connection therewith, the solicitation of acceptances for or confirmation of the Plan, or the consummation and implementation of the Plan and the transactions contemplated therein, including the distribution of estate funds, except for acts of willful misconduct or gross negligence as determined by a final order by a court of competent jurisdiction. For the avoidance of doubt the exculpation and

release applies only to the events of the Debtor's case and Plan as set forth in this paragraph. This is not – and shall not be construed to be – a release or exculpation of the Exculpated Parties for matters outside of the Debtor's case and Plan as set forth in the preceding paragraph.

25. Unless otherwise provided in the Plan or in this Plan Order, all injunctions or stays provided for in the Chapter 11 Case under Sections 105 or 362 of the Bankruptcy Code or otherwise, and existing before the Effective Date (excluding any injunctions or stays contained in the Plan or this Plan Order), shall remain in full force and effect until the Court has entered a discharge effecting an injunction pursuant to 11 U.S.C §§ 524 and 1141(d).

26. Notwithstanding entry of this Plan Order confirming the Plan and occurrence of the Effective Date, and except as otherwise ordered by this Court, this Court shall retain exclusive jurisdiction over all matters arising out of, and related to, the Chapter 11 Case and the Plan to the fullest extent permitted by law.

27. The rights, benefits, and obligations of any person named or referred to in the Plan shall be binding on, and shall inure to the benefit of, any heir, executor, administrator, personal representative, successor, or assign of such entity, including, but not limited to, the Post-Confirmation Debtor and all other parties in interest in the Chapter 11 Case.

28. If any term or provision of the Plan is determined to be invalid, void, or unenforceable, this Court shall have the power to alter and interpret such term or provision to make it valid or enforceable to the maximum extent practicable, consistent with the original purpose of the term or provision held to be invalid, void, or unenforceable, and such term or provision shall then be applicable as altered or interpreted. Notwithstanding any such holding, alteration, or interpretation, the remainder of the terms and provisions of the Plan shall remain in full force and effect and shall in no way be affected, impaired, or invalidated by such holding, alteration, or interpretation. This Plan Order shall constitute a judicial determination and shall provide that each term and provision of the Plan, as it may have been altered or interpreted in accordance with the foregoing, is valid and enforceable pursuant to its terms.

29. Any conflict between the terms of this Plan Order and the Plan shall be resolved in favor of this Plan Order.

30. The Debtor shall file post-confirmation status report, supported by a declaration, with the Court on **May 26, 2023**, and the Court shall hold a post-confirmation status conference on **June 7, 2023, at 11:00 a.m.**

**IT IS SO ORDERED.**

###

Date: March 16, 2023

Sheri Bluebond
United States Bankruptcy Judge

13